# Exhibit 1

Michael S. Devorkin, Esq.
Marc D. Rosenberg, Esq.
Golenbock Eiseman Assor Bell & Peskoe LLP
437 Madison Avenue, 35th Floor
New York, New York 10022
(212) 907-7300
*Attorneys for Petitioners*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SOVEREIGN ASSETS LTD.,<br><br>    Debtor in Foreign Proceeding. | Chapter 15<br>Case No. 14- |

## ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING

Upon consideration of the Verified Petition under chapter 15 of the Bankruptcy Code for Recognition of Foreign Main Proceeding (the **"Verified Petition"**) with respect to Sovereign Assets Ltd. (**"SAL"** or the **"Debtor"**) (a debtor in Israel) and the papers in support and in opposition thereto, and upon the hearing on the Verified Petition before this Court on November __, 2014; and upon the request contained in the Verified Petition to approve the notice and manner of service of the Verified Petition and related documents, to recognize the SAL Liquidation Proceeding (as defined herein) as a foreign main proceeding and to recognize the Petitioners as authorized foreign representatives, the Court finds as follows:

    1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This Chapter 15 case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code. The Verified Petition satisfied the requirements of section 1515 of the Bankruptcy Code.

2157176.3

2. Venue is proper in this district in accordance with 28 U.S.C. § 1410. The Debtor has assets in the United States, but does not have a principal place of business in the United States. The Debtor itself is not party to any pending action in a Federal or state court but two of its subsidiaries are parties to civil actions in Supreme Court, New York County, and other actions in New York County may have an effect on the Debtor's assets. Certain parties against whom relief is sought in this Court have significant operations in New York. Thus, the Southern District of New York is the most convenient venue in regards to the relief sought and the parties to be involved.

3. The Debtor was an Israeli based, real estate investment firm, whose primary business was (i) to invest in real estate in the United States using other entities in the United States that it owned in whole or part (the "**U.S. Entities**"); and (ii) from May 21, 2007, forward, to use a prospectus issued in Israel to raise money for this purpose by issuing bonds for sale exclusively in Israel.

4. Abraham Poznanski, who resides in New York, was a principal owner of SAL for much of its operations, and was in control of the operation of the U.S. Entities. In the operation of its business, SAL also relied on employees and advisors in the United States and in Israel. The board of directors and the accounting/bookkeeping function operated in Israel.

5. On March 5, 2014, SAL issued a report confirming the financial status of SAL and that it was unable to service its current obligations.

6. Thus, on March 17, 2014, a bondholder Edwin Cohen and the Indenture Trustee for certain bondholders on bonds issued by the Debtor, under a Trust Deed dated May 16, 2007, filed a petition (the "**Liquidation Petition**") with the District Court, Tel Aviv, Israel (Case No. 31623-03-14) to order the liquidation of SAL (the "**SAL Liquidation Proceeding**").

7. On March 24, 2014, the District Court, Tel Aviv, issued a provisional liquidation order and appointed Adv. Guy Gissin and Adv. Rami Kogan as provisional liquidators of SAL. Pursuant to this order, the provisional liquidators obtained the power "to seize, safeguard, insure and insofar as necessary manage [SAL's] assets..." Thereafter, in accordance with Israeli rules and regulations, notice of the Liquidation Petition was duly published and a certificate from the Registrar was produced according to Regulation 7 of the Israeli Companies Regulations (Dissolution) 5743-1987. No one filed objections to the Liquidation Petition.

8. On April 28, 2014, the District Court, Tel Aviv, granted the provisional liquidators' *ex parte* motion to require Poznanski to remain in Israel for questioning regarding SAL's business and assets. On April 29, 2014, the provisional liquidators sent a request to Poznanski to attend an in-person interrogation on May 9, 2014, but the meeting did not occur because Poznanski's attorney stated his client was in New York.

9. On July 7, 2014, the District Court, Tel Aviv, conducted a public hearing in the SAL Liquidation Proceeding.

10. On July 7, 2014, the District Court, Tel Aviv-Jaffa, Israel, issued an order appointing Petitioners Adv. Guy Gissin and Adv. Rami Kogan as SAL Administrators for the purpose of liquidating SAL, pursuant to the Israeli Companies Law 5759-1999 (New Version), and the Israeli Companies Ordinance (Consolidated Version) 5743-1983. A certified copy of the Order entered by the District Court Tel Aviv-Jaffa with respect to SAL (the "**SAL Liquidation Order**") is attached hereto as Exhibit A and incorporated herein by reference. A sworn translation of the SAL Liquidation Order into English is attached hereto as Exhibit B and is

incorporated herein by reference. The SAL Liquidation Order included a Dissolution Order for SAL, which is sometimes referred to as a "winding up order."

11. Pursuant to the SAL Liquidation Order, the SAL Administrators now have exclusive authority and act as the sole representatives of SAL. In that capacity, the SAL Administrators are in charge of all the Debtor's businesses and assets, including but not limited to bank accounts, property, and exercising the equity rights in all subsidiaries. The SAL Administrators are charged with collecting and liquidating all the Debtor's Assets, and resolving and paying all claims of creditors pursuant to the rules of the Israeli law.

12. The office and duties of a Special Administrator appear to closely match those of a Chapter 7 trustee under the U.S. Bankruptcy Code.

13. In order for the SAL Administrators to continue to investigate the assets and liabilities of the Debtor, collect those assets and liquidate them for the benefit of creditors, it is necessary for the SAL Administrators to have the power to take discovery under Bankruptcy Rule 2004.

14. The SAL Administrators are the foreign representatives of the Debtor, as defined in section 101(24), by virtue of them being appointed the SAL Liquidation Proceeding in in accordance with Israeli law. The SAL Liquidation Proceeding is a "foreign proceeding," as defined in section 101(23) of the Bankruptcy Code, in that it is a judicial proceeding relating to the insolvency and adjustment of debt in which the assets and affairs of the debtor are subject to the control of a foreign court. The SAL Administrators are authorized to administer the financial restructuring, liquidation, or reorganization of the Debtor's assets and are authorized to file a petition seeking recognition of the foreign proceeding in the United States.

15. The Debtor's center of main interest is in Israel.

16. Thus, the SAL Liquidation Proceeding is entitled to recognition as a foreign main proceeding in accordance with section 1502(4).

17. This Court has previously granted the SAL Administrators provisional relief under section 1519. Those orders shall remain in full force and effect.

18. The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to sections 1507 and 1521 of the Bankruptcy Code, and will not cause hardship to the Debtor or other parties-in-interest that is not outweighed by the benefits of granting that relief.

19. The SAL Administrators are entitled to all relief provided pursuant to section 1520 of the Bankruptcy Code, without limitation.

20. The SAL Administrators are entitled to additional relief pursuant to sections 1507 and 1521 of the Bankruptcy Code, including but not limited to (i) staying the continuation of an individual action or proceeding concerning the debtor's assets to the extent they have not been stayed under section 1520(a) pursuant to 1521(a)(1); (ii) suspending the right to transfer, encumber or otherwise dispose of assets of the debtor to the extent this right has not been suspended under 1520(a) pursuant to 1521(a)(3); (iii) providing for the examination of witnesses and the taking of evidence or the delivery of information regarding assets of the Debtor pursuant to 1521(a)(4); (iv) entrusting the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the U.S. to the foreign representative pursuant to 1521(a)(5); and (v) extending relief granted under section 1519(a) pursuant to 1521(a)(6).

**BASED ON THE FOREGOING, IT IS HEREBY:**

**ORDERED,** that the SAL Liquidation Proceeding be and hereby is granted recognition pursuant to Section 1517(a) of the Bankruptcy Code; and it is further

**ORDERED,** that the SAL Liquidation Proceeding be and hereby is granted recognition as a foreign main proceeding pursuant to Section 1517(b)(1) of the Bankruptcy Code; and it is further

**ORDERED,** that the SAL Administrators are recognized as authorized foreign representatives of SAL, a debtor; and it is further

**ORDERED,** that all relief afforded a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code be and hereby is granted without limitation to the SAL Administrators; and it is further

**ORDERED,** that additional relief, pursuant to sections 1507 and 1521(a)(4), providing for the examination of witnesses and the taking of evidence or the delivery of information regarding assets of the Debtor to the SAL Administrators, with all of the rights under Bankruptcy Rule 2004; and it is further

**ORDERED,** that additional relief, pursuant to sections 1507 and 1521(a)(1), staying the continuation of an individual action or proceeding concerning the debtor's assets to the extent they have not been stayed under section 1520(a); and it is further

**ORDERED,** that additional relief, pursuant to sections 1507 and 1521(a)(3), suspending the right to transfer, encumber or otherwise dispose of assets of the debtor to the extent this right has not been suspended under 1520(a); and it is further

**ORDERED,** that additional relief, pursuant to sections 1507 and 1521(a)(5), entrusting the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the U.S. to the foreign representative; and it is further

**ORDERED,** that additional relief, pursuant to sections 1507 and 1521(a)(6), extending relief granted under section 1519(a); and it is further

**ORDERED,** that any notice requirements specified in Section 1514 of the Bankruptcy Code regarding notice to creditors for the Debtor are waived due to the nature of the relief being sought and the expectation that no creditor will need to file any claim or appear in any matter before the Court.

**ORDERED,** that this Order and the Verified Petition shall be served by U.S. mail, first class postage prepaid, or by overnight courier, or by electronic transmission, or by facsimile transmission upon (a) the Office of the United States Trustee; (b) parties or counsel of record for all parties against whom the SAL Administrators seek preliminary relief pursuant to sections 1517, 1520, 1521 of the Bankruptcy Code; (c) the debtor pursuant to Bankruptcy Rule 2002(q); and (d) all persons or bodies authorized to administer foreign proceedings of the debtor pursuant to Bankruptcy Rule 2002(q).

**ORDERED**, that service in accordance with this Order shall constitute adequate and sufficient service and notice.

Signed this ___ day of November, 2014

_____
United States Bankruptcy Judge

# Exhibit A



בית המשפט המחוזי בתל אביב - יפו

07 יולי 2014    פר"ק 14-03-31623 אורורה פידליטי חברה לנאמנות בע"מ ואח'
נ' סובריין נכסים בע"מ ואח'

לפני כב' השופט איתן אורנשטיין, סגן נשיאה

| | | |
|---|---|---|
| בעניין: | פקודת החברות [נוסח חדש] התשמ"ג-1983 | 1 |
| ובעניין: | סובריין נכסים בע"מ | 2,3 |
| ובעניין: | 1. אורורה פידליטי חברה לנאמנות בע"מ | **החברה** 4,5 |
| ובעניין: | 2. אדוין כהן<br>ע"י ב"כ עוה"ד אוהד הראל ואח' | 6,7,8 |
| ובעניין: | עו"ד גיא גיסין<br>עו"ד רמי קוגן | **המבקשים** 9,10,11,12 |
| ובעניין: | כונס הנכסים הרשמי | **המפרקים הזמניים** 13,14 |

**נוכחים:**
עו"ד גיא גיסין המפרק הזמני
עו"ד אוהד הראל ב"כ המבקש אדוין כהן
עו"ד הרמלין ב"כ הכנ"ר
אין התייצבות לחברה או מי מטעמה

## פרוטוקול

**עו"ד גיסין:**
הבעיה הגדולה ביותר שאנו לא מצליחים לתפוס נכסים. יש שני נכסים בארצות הברית. בעל השליטה שמתחמק מלהגיע לחקירה. אנו מתכוונים להגיש בקשה לבית המשפט להורות לבעל השליטה להגיע. בעל השליטה מיוצג ע"י משרד עוה"ד יגאל ארנון ושות'. צריך למנות שם דירקטורים והמינוי הזה יש בו חשש שהסיטואציה שפוזננסקי יצא יפעיל את הטריגרים בבנק.

**ב"כ המבקשים:**
אנו חוזרים על הבקשה.

**עו"ד הרמלין:**
אין התנגדות. אבקש למנות את עו"ד גיסין ועו"ד רמי קוגן כמנהלים מיוחדים.

1



בית המשפט המחוזי בתל אביב - יפו

07 יולי 2014        פר"ק 14-03-31623 אורורה פידליטי חברה לנאמנות בע"מ ואח'
ג' סובריין נכסים בע"מ ואח'

לפני כב' השופט איתן אורנשטיין, סגן נשיאה

## פסק דין

1
2
3   לפני בקשה לפרוק החברה שבכותרת. במסגרת הליך הפרוק, מיניתי את עוה"ד גיסין וקוגן כמפרקים
4   זמניים מהטעמים שבבקשה לפרוק זמני. שמעתי עדכון באשר להליך מפי המפרק הזמני וכאמור
5   בדבריו.
6
7   באשר לבקשה לפרוק – אזי בשלו התנאים לכך.
8
9   משכך ועל פי הבקשה שהוגשה לבית משפט זה, ולאחר שהודעה על דבר בקשת הפירוק פורסמה כדין
10  והומצאה תעודה מאת הרשם לפי תקנה 7 לתקנות החברות (פירוק) התשמ"ז-1987, ולאחר שלא
11  הוגשה כל התנגדות לבקשה, ניתן בזה צו פירוק לפיו :
12
13  1.   החברה הנ"ל תפורק בידי בית משפט על פי הוראות חוק החברות, תשנ"ט-1999 ופקודת
14       החברות (נוסח חדש) התשמ"ג-1983.
15
16  2.   כונס הנכסים הרשמי בתל אביב ידאג לכינוס אסיפות נושים לעניין החברה שבפירוק.
17
18  3.   כונס הנכסים הרשמי בתל אביב יהיה המפרק הזמני של החברה, וזאת עד להכרעת אסיפת
19       הנושים לזהותו של המפרק הקבוע.
20
21  4.   נושאי המשרה בחברה יתייצבו מיד עם קבלת צו הפירוק במשרד הכונס הרשמי בתל-אביב,
22       וזאת כדי למסור כל מידע שיידרש בנוגע לעסקי החברה. כן, יתייצבו המנהלים לחקירה
23       במשרדי הכנ"ר בכל עת, לפי דרישתו.
24
25
26
27
28
29
30

2

בית המשפט המחוזי בתל אביב - יפו

07 יולי 2014    פר"ק 14-03-31623 אורורה פידליטי חברה לנאמנות בע"מ ואח'
נ' סובריין נכסים בע"מ ואח'

לפני כב' השופט איתן אורנשטיין, סגן נשיאה

5. אני ממנה את עו"ד גיסין ואת עו"ד קוגן כמנהלים מיוחדים לנכסי החברה והתחייבות
שהפקידו בעת מינויים כמפרקים זמניים, תשמש גם לעניין זה.

עדכון ע"י המנהלים המיוחדים יוגש לא יאוחר מיום 1.10.14.

**מעקב מזכירות.**

ניתן והודע היום ט' תמוז תשע"ד, 07/07/2014 במעמד הנוכחים.

איתן אורנשטיין, שופט
סגן נשיאה

הוקלד על ידי סיגל לוי





3

# Exhibit B



October 2, 2014

## Translator's Certification

We, the undersigned, Legal Translations Ltd., do hereby certify as follows under penalty of perjury:

1. We provide professional legal translation services.

2. The translators associated with the company have been admitted to the Israel bar, are fluent in both English and Hebrew and specialize in legal translation.

3. The English translation of the following document was made by a translator affiliated with the firm, and fairly represents the original text in Hebrew, to the best of the translator's professional knowledge:

    - Transcript and judgment dated July 7, 2014 (3-page original attached hereto as Annex A; 3-page translation attached hereto as Annex B).

_____
Legal Translations Ltd.

26 Yirmiyahu St., Ramat Hasharon, Israel 4729898   רחוב ירמיהו 26, רמת השרון
office@translaw.co.il • www.translaw.co.il • Fax +972-3-5498730 .פקס • Tel. +972-3-5492701 .טל



## Tel Aviv-Jaffa District Court

**Dissolution Case 31623-03-14 Aurora Fidelity Trust Company Ltd. et al. v. Sovereign Assets Ltd. et al.**            **July 7, 2014**

**Before the Honorable Justice Eitan Orenstein, Deputy President**

**Re:**    The Companies Ordinance [New Version] 5743-1983; and

**Re:**    Sovereign Assets Ltd.

                                                      **The Company**; and

**Re:**    1. Aurora Fidelity Trust Company Ltd.
         2. Edwin Cohen, represented by Adv. Ohad Harel et al.

                                                      **The Petitioners**; and

**Re:**    Adv. Guy Gissin
         Adv. Rami Kogan

                                                    **The Provisional Liquidators**; and

**Re:**    The Official Receiver

**Present:**
Adv. Guy Gissin, the Provisional Liquidator
Adv. Ohad Harel, counsel for the Petitioner Edwin Cohen
Adv. Hermelin, representing the Official Receiver
No appearance by or on behalf of the Company

## Transcript

**Adv. Gissin**:

The biggest problem is that we are unable to seize assets. There are two assets in the U.S.A. The controlling shareholder who is evading reporting for investigation. We intend to file a motion with the Court to order the controlling shareholder to appear. The controlling shareholder is represented by the law firm of Yigal Arnon & Co. Directors need to be appointed there, and such appointment entails the concern that the situation whereby Poznansky will leave, will activate the triggers at the bank.

**Counsel for the Petitioners**:

We repeat the motion.

**Adv. Hermelin**:

No objection. I ask that Adv. Gissin and Adv. Rami Kogan be appointed as Special Administrators.

1



**Tel Aviv-Jaffa District Court**

**Dissolution Case 31623-03-14 Aurora Fidelity Trust Company Ltd. et al.
v. Sovereign Assets Ltd. et al.**                                              July 7, 2014

**Before the Honorable Justice Eitan Orenstein, Deputy President**

**Judgment**

I have before me a petition to liquidate the Company stated in the title. Within the winding up process, I appointed Adv. Gissin and Adv. Kogan as Provisional Liquidators on the grounds specified in the Petition for Provisional Liquidation. I heard an update regarding the process from the Provisional Liquidator, and as stated by him.

In respect of the Dissolution Petition– the conditions therefor have now matured.

Therefore, and as per the Petition filed with this Court, and after a notice regarding the Dissolution Petition was duly published and a certificate from the Registrar has been produced according to Regulation 7 of the Companies Regulations (Dissolution) 5743-1987, and after no objection to the Petition has been filed, a Dissolution Order is hereby issued, whereby:

1. The aforesaid Company shall be liquidated by a court as per the provisions of the Companies Law, 5759-1999 and the Companies Ordinance (New Version) 5743-1983.

2. The Official Receiver in Tel Aviv shall arrange to convene creditors' meetings for the Company in liquidation.

3. The Official Receiver in Tel Aviv shall be the Provisional Liquidator of the Company, until the creditors' meeting decides upon the identity of the Permanent Liquidator.

4. Immediately upon receiving the Dissolution Order, the Company's officers shall report to the offices of the Official Receiver in Tel Aviv, in order to provide any information required with regard to the Company's business. The managers shall also report for investigation at the offices of the Official Receiver at any time, as required by him.

5. I appoint Adv. Gissin and Adv. Kogan as Special Administrators for the Company's assets, and the undertaking they deposited upon their appointment as Provisional Liquidators shall also serve for this purpose.

An update by the Special Administrators shall be filed no later than October 1, 2014.

**Follow up by the Office of the Court Clerk.**

**Issued and announced today, 9 Tamuz 5774, July 7, 2014,** *inter partes*.



# Tel Aviv-Jaffa District Court

**Dissolution Case 31623-03-14 Aurora Fidelity Trust Company Ltd. et al.**
**v. Sovereign Assets Ltd. et al.**                                            **July 7, 2014**

**Before the Honorable Justice Eitan Orenstein, Deputy President**


       (-)
_____
Judge Eitan Orenstein
Deputy President



Typed by Sigal Levy


                    (Stamp and Signature)
                  The District Court [Illegible]
        I hereby certify that this is a true copy
                       Date (333) –
                    *September 28, 2014*


[Stamps of the Tel Aviv-Jaffa District Court on each page]

3