# Exhibit 2

Michael S. Devorkin, Esq.
Marc D. Rosenberg, Esq.
Golenbock Eiseman Assor Bell & Peskoe LLP
437 Madison Avenue, 35th Floor
New York, New York 10022
(212) 907-7300
*Attorneys for Petitioners*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SOVEREIGN ASSETS LTD.,<br><br>Debtor in Foreign Proceeding. | Chapter 15<br>Case No. 14- |

**ORDER SCHEDULING A HEARING AND SPECIFYING
THE FORM AND MANNER OF SERVICE OF CHAPTER 15 PETITION**

Upon consideration of the Verified Petition for Recognition of Foreign Main Proceeding (the "**Petition**"), and the Declarations in support thereof, in which the Petitioners, solely in their capacity as Special Administrators ("**Petitioners**"[1] or the "**SAL Administrators**") of Sovereign Assets Ltd. ("**SAL**" or the "**Debtor**"), appointed by the Israel District Court of Tel Aviv-Jaffa, and as putative foreign representatives as defined by section 101(24) of title 11 of the United States Code (the "**Bankruptcy Code**"), request the Court initially to approve the notice and manner of service of the Petition and related documents and set a hearing date on the request for an order of recognition of the SAL Liquidation Proceeding (as defined herein) as a foreign main proceeding, and the Petitioners as foreign representatives, the Court, after reviewing the request, finds as follows:

1.  On July 7, 2014, the District Court, Tel Aviv-Jaffa, Israel, issued appointing Petitioners Adv. Guy Gissin and Adv. Rami Kogan as SAL Administrators for the purpose of

---

[1] Capitalized terms used but not defined in this section have the meanings ascribed to such terms below.

liquidating SAL, a debtor, pursuant to the Israeli Companies Law 5759-1999 (New Version), and the Israeli Companies Ordinance (Consolidated Version) 5743-1983.

2.    Adv. Guy Gissin and Adv. Rami Kogan, solely in their capacity as Special Administrators ("**Petitioners**"), lawyers qualified in Israel, are the duly appointed Special Administrator (the "**SAL Administrators**") and foreign representatives of Sovereign Assets Ltd. ("**SAL**" or the "**Debtor**"), a foreign entity against which an insolvency proceeding in the SAL Liquidation Proceeding.

3.    Petitioners filed the Petition on October 31, 2014, pursuant to chapter 15 of the U.S. Bankruptcy Code seeking recognition of the SAL Liquidation Proceeding as a foreign main proceeding, and of the Petitioners as foreign representatives, and requesting certain additional relief in aid of the SAL Liquidation Proceeding;

4.    Petitioners have requested an order of this Court setting a hearing date on the Petition.

5.    Petitioners have has further requested that the Court approve the form and manner of service of a notice of hearing (the "**Notice**") (attached to the Petition as Exhibit 3) of the Petition and documents related thereto in regards to creditors of the Debtor and persons against whom relief is sought under Section 1519 of the Bankruptcy Code.

**NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1.    A hearing on the relief sought in the Petition shall be held on ___, 2014 at __:00 __m. Eastern Time, or as soon thereafter as counsel may be heard, in Room ___ of the U.S. Bankruptcy Court, One Bowling Green, New York, New York 10004.

2.    Copies of the Notice, the Petition, and the documents filed in support thereof shall be served by U.S. mail, first class postage prepaid, or by overnight courier, or by electronic

2157153.2

transmission, or by facsimile transmission upon (a) the Office of the United States Trustee; (b) parties or counsel of record for all parties against whom the SAL Administrators seek relief hereunder; (c) the debtor pursuant to Bankruptcy Rule 2002(q); and (d) all persons or bodies authorized to administer foreign proceedings of the debtor pursuant to Bankruptcy Rule 2002(q).

       3.      Any notice requirements specified in Section 1514 of the Bankruptcy Code regarding notice to creditors for the Debtor are waived due to the nature of the relief being sought and the expectation that no creditor will need to file any claim or appear in any matter before the Court.

       4.      The form of the Notice as Exhibit 3 to the Petition is hereby approved and shall be used.

       5.      Any objections or other responses, if any, to the petition and the papers filed in support thereof must be in writing and shall conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and by all other parties-in-interest, on a 3.5 inch disk, in text searchable Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (in either case, with a hard copy marked "Chambers Copy" and delivered directly to the Bankruptcy Court) and shall be served so as to be actually received by no later than _____ at ____ a.m./p.m. (Eastern Time) by the following parties: (a) United States counsel for the SAL Administrators, Golenbock Eiseman Assor Bell & Peskoe LLP, 437 Madison Avenue, 35th Floor, New York, New York 10022, Attn: Michael S. Devorkin, Esq. and Marc D. Rosenberg, Esq. (b) the Office of the United States Trustee for the

2157153.2

Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; and (c) all parties that filed notices of appearance in the chapter 15 Case pursuant to Bankruptcy Rule 2002.

Signed this _____ day of October, 2014.

_____
United States Bankruptcy Judge
for the Southern District of New York

2157153.2