# Exhibit A

Michael S. Devorkin, Esq.
Marc D. Rosenberg, Esq.
Golenbock Eiseman Assor Bell & Peskoe LLP
437 Madison Avenue, 35th Floor
New York, New York 10022
(212) 907-7300

*Attorneys for Petitioners*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                                          :
                                                                                     :    Chapter 15
SOVEREIGN ASSETS LTD.,                                       :
                                                                                     :    Case No. 14-
                           Debtor in Foreign Proceeding.   :
-----------------------------------------------------------------X

### ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER

Upon the *ex parte* Motion for (1) provisional relief for a preliminary injunction and (2) an order to show cause and temporary restraining order (the "**Motion for Provisional Relief**") filed by Adv. Guy Gissin and Adv. Rami Kogan, solely in their capacity as Special Administrators ("**Petitioners**"[1] or the "**SAL Administrators**") of Sovereign Assets Ltd. ("**SAL**" or the "**Debtor**"), appointed by the Israel District Court of Tel Aviv-Jaffa, and as putative foreign representatives as defined by section 101(24) of title 11 of the United States Code (the "**Bankruptcy Code**"); and this Court's review and consideration of the Verified Petition, the Motion for Provisional Relief, the relief requested therein, and the declarations of the Petitioners, and upon due deliberation and sufficient cause appearing therefor,;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1.    On July 7, 2014, the District Court, Tel Aviv-Jaffa, Israel, issued an order (the "**SAL Liquidation Order**") Case No. 31623-03-14 (the "**SAL Liquidation Proceeding**"), appointing

---

[1] Capitalized terms used but not defined in this section have the meanings ascribed to such terms below.

2149180.4

Petitioners Adv. Guy Gissin and Adv. Rami Kogan as SAL Administrators for the purpose of liquidating SAL, a debtor, pursuant to the Israeli Companies Law 5759-1999 (New Version), and the Israeli Companies Ordinance (Consolidated Version) 5743-1983.

2. This Court has jurisdiction to consider the Motion for Provisional Relief and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

5. No notice to any person has been given prior to entry and issuance of this Order, because there is a likelihood of immediate and irreparable injury to the SAL estate, because of the possible dissipation of assets before any other party can be heard.

6. There is a substantial likelihood that the SAL Administrators will be able to demonstrate that SAL is the subject of foreign insolvency proceedings, namely the SAL Liquidation Proceeding, that the SAL Liquidation Proceeding constitutes a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code, and that the SAL Administrators are the "foreign representatives" of SAL for purposes of recognition under chapter 15 of the Bankruptcy Code.

7. The commencement or continuation of any action or proceeding in the United States against SAL or any of its subsidiaries, including but not limited to SOVA Management, LLC and SOVA Merritt LLC, should be enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of the Debtors' estates in the SAL Liquidation Proceeding, and such relief will either (a) not cause undue hardship to other parties in interest or (b) any hardship to parties is outweighed by the benefits of the relief requested.

8. Unless a temporary restraining order issues, there is a material risk that SAL's assets (which shall include its interests in its subsidiaries, including but not limited, to SOVA Holdings, Inc., SOVA Management, LLC, and SOVA Merritt, LLC, collectively "**SAL's Assets**") could be subject to efforts by creditors or other parties-in-interest in the United States to control or possess such assets, or that contract counterparties could use the existence of the SAL Liquidation Proceeding as a basis to attempt to take detrimental business acts against SAL or the SAL Assets located in the United States.

9. Such acts could (a) interfere with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code; (b) interfere with and cause harm to the efforts of the SAL Administrators to administer its estate pursuant to the SAL Liquidation Proceeding; and (c) undermine efforts to achieve an equitable result for the benefit of all of SAL's creditors. Accordingly, there is a material risk that SAL may suffer immediate and irreparable injury, and it is therefore necessary that the Court enter this Order.

10. The interest of the public will be served by this Court's entry of this Order.

11. SAL and the SAL Administrators are entitled to the protections and rights available pursuant to section 1519 of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion for Provisional Relief is granted to the extent provided herein.

2. To the extent unresolved objections to the preliminary injunction requested in the Motion for Provisional Relief exist, all parties-in-interest must come before the Honorable _____, United States Bankruptcy Judge for the Southern District of New York, for

3

the hearing (the "**Hearing**") at a.m./p.m. (Eastern Time) on _____, 2014, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Room ___, One Bowling Green, New York, New York 10004, or as soon thereafter as counsel may be heard, to show why a preliminary injunction should not be granted, pending the issuance of an order recognizing the SAL Liquidation Proceeding as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code, which injunction shall provide the following relief, pending further order of this Court:

a. ordering that the protections of sections 361 and 362 of the Bankruptcy Code apply to SAL and SAL's Assets in the United States;

b. establishing Adv. Guy Gissin and Adv. Rami Kogan as the representatives of SAL with full authority to administer SAL's Assets and affairs in the United States, including, without limitation, making payments on account of SAL's prepetition and postpetition obligations;

c. entrusting the administration and realization of all of SAL's Assets in the United States to the SAL Administrators, including all of SAL's Assets located in the United States or which may have been transferred to third parties in the United States;

d. enjoining all persons and entities from seizing, attaching, enforcing and/or executing liens or judgments against SAL's Assets in the United States or from transferring, encumbering or otherwise disposing of or interfering with SAL's Assets or agreements in the United States without the express consent of the SAL Administrators;

e. enjoined all persons and entities are from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against SAL or SAL's Assets or proceeds thereof, or seeking to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, lien or arbitration award against SAL or SAL's Assets or proceeds thereof; and

f. providing that the SAL Administrators have the right and power to issue subpoenas to examine witnesses and require the production of documents and information concerning SAL's assets, affairs, rights, obligations or liabilities.

4

**AND PENDING FURTHER ORDER OF THIS COURT, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The protections of sections 361 and 362 of the Bankruptcy Code, to the extent applicable, apply to SAL and SAL's Assets in the United States.

   a. The SAL Administrators are established as the representative of SAL with full authority to administer SAL's Assets and affairs in the United States, including, without limitation, making payments on account of SAL's prepetition and postpetition obligations;

   b. the SAL Administrators are entrusted with the administration and realization of all or part of SAL's Assets in the United States, including, without limitation, all of SAL's Assets in the United States that may have been transferred to third parties in the United States;

   c. all persons and entities are enjoined from seizing, attaching, enforcing and/or executing security interests, liens or judgments against SAL's Assets in the United States or from transferring, encumbering or otherwise disposing of or interfering with SAL's Assets or agreements in the United States without the express consent of the SAL Administrators;

   d. all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against SAL or SAL's Assets or proceeds thereof, or seeking to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, security interest, lien or arbitration award against SAL or SAL's Assets or proceeds thereof;

   e. the SAL Administrators have the right and power to issue subpoenas to examine witnesses and require the production of documents and information concerning SAL's assets, affairs, rights, obligations or liabilities.

3. The SAL Administrators, in connection with their appointment as SAL's "Special Administrators" in the SAL Liquidation Proceeding or as "foreign representatives" in the chapter 15 Case, and SAL, are hereby granted the full protections and rights available pursuant to section 1519 of the Bankruptcy Code.

2149180.4

4.      Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, made applicable to this chapter 15 Case by Bankruptcy Rule 7065, no notice to any person is required prior to entry and issuance of this Order, because there is a likelihood of immediate and irreparable injury to the SAL estate, because of the possible dissipation of assets before any other party can be heard.

5.      Pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

6.      This Order and the Motion for Provisional Relief shall be served by U.S. mail, first class postage prepaid, or by overnight courier, or by electronic transmission, or by facsimile transmission upon (a) the Office of the United States Trustee; (b) parties or counsel of record for all parties against whom the SAL Administrators seek preliminary relief pursuant to sections 1519 of the Bankruptcy Code; (c) the debtor pursuant to Bankruptcy Rule 2002(q); and (d) all persons or bodies authorized to administer foreign proceedings of the debtor pursuant to Bankruptcy Rule 2002(q).

7.      Any notice requirements specified in Section 1514 of the Bankruptcy Code regarding notice to creditors for the Debtor are waived due to the nature of the relief being sought and the expectation that no creditor will need to file any claim or appear in any matter before the Court.

8.      Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes. The Special Administrators, SAL, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

9.      Any party-in-interest may file objections and be heard by this Court in accordance with the terms of any order of the Court providing for a hearing on any subsequent relief sought by the Special Administrators in the chapter 15 Case.

10.     Any party-in-interest wishing to submit a response or objection to the relief requested in the Motion for Provisional Relief must do so in writing and shall conform to the

6

2149180.4

Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and by all other parties-in-interest, on a 3.5 inch disk, in text searchable Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (in either case, with a hard copy marked "**Chambers Copy**" and delivered directly to the Bankruptcy Court) and shall be served so as to be actually received by no later than _____ at ___:___ a.m./p.m. (Eastern Time) by the following parties: (a) United States counsel for the SAL Administrators, Golenbock Eiseman Assor Bell & Peskoe LLP, 437 Madison Avenue, 35th Floor, New York, New York 10022,  , Attn: Michael S. Devorkin, Esq. and Marc D. Rosenberg, Esq.; (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004; and (c) all parties that filed notices of appearance in the chapter 15 Case pursuant to Bankruptcy Rule 2002. This Court may enter an order granting the preliminary injunction requested in the Motion for Provisional Relief without hearing if no unresolved objections exist.

11.   The SAL Administrators are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

12.   The terms and conditions of this Order shall be immediately effective and enforceable upon entry.

13.   This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought

7

2149180.4

in and through the chapter 15 Case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: New York, New York
 _____, 2014

                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE