# Exhibit B

Michael S. Devorkin, Esq.
Marc D. Rosenberg, Esq.
Golenbock Eiseman Assor Bell & Peskoe LLP
437 Madison Avenue, 35th Floor
New York, New York 10022
(212) 907-7300

*Attorneys for Petitioners*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
In re:                                          :
                                                :            Chapter 15
SOVEREIGN ASSETS LTD.,                          :
                                                :            Case No. 14-
              Debtor in Foreign Proceeding.     :
------------------------------------------------------------------X

**ORDER GRANTING
PRELIMINARY INJUNCTION**

Upon the *ex parte* Motion for A Preliminary Injunction (the "**Motion for Provisional Relief**") filed by Adv. Guy Gissin and Adv. Rami Kogan, solely in their capacity as Special Administrators ("**Petitioners**"[1] or the "**SAL Administrators**") of Sovereign Assets Ltd. ("**SAL**" or the "**Debtor**"), appointed by the Israel District Court of Tel Aviv-Jaffa, and as putative foreign representatives as defined by section 101(24) of title 11 of the United States Code (the "**Bankruptcy Code**"), and this Court's review and consideration of the Petition, the Motion for Provisional Relief, and the declarations of the Petitioners; and the hearing thereon having been given in accordance with this Court's Order to Show Cause and pursuant to Rules 1011(b) and 2002(q) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and upon the record established at such hearing; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise

---

[1] Capitalized terms used but not defined in this section have the meanings ascribed to such terms below or in the Verified Petition.

1

resolved; and upon due deliberation and sufficient cause appearing therefor, it appearing that the relief requested in the Motion for Provisional Relief is necessary and beneficial to SAL.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1. On July 7, 2014, the District Court, Tel Aviv-Jaffa, Israel, issued an order (the "**SAL Liquidation Order**") Case No. 31623-03-14 (the "**SAL Liquidation Proceeding**"), appointing Petitioners Adv. Guy Gissin and Adv. Rami Kogan as SAL Administrators for the purpose of liquidating SAL, a debtor, pursuant to the Israeli Companies Law 5759-1999 (New Version), and the Israeli Companies Ordinance (Consolidated Version) 5743-1983.

2. This Court has jurisdiction to consider the Motion for Provisional Relief and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

5. There is a substantial likelihood that the SAL Administrators will be able to demonstrate that SAL is the subject of foreign insolvency proceedings, namely the SAL Liquidation Proceeding, that the SAL Liquidation Proceeding constitutes a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code, and that the SAL Administrators are the "foreign representatives" of SAL for purposes of recognition under chapter 15 of the Bankruptcy Code.

6. The commencement or continuation of any action or proceeding in the United States against SAL or any of its subsidiaries, including but not limited to SOVA Management, LLC and SOVA Merritt LLC, should be enjoined pursuant to sections 105(a) and 1519 of the Bankruptcy Code to permit the expeditious and economical administration of SAL's estate in the SAL Liquidation Proceeding, and such relief will either (a) not cause undue hardship to other

2

parties in interest or (b) any hardship to parties is outweighed by the benefits of the relief requested.

7. Unless a preliminary injunction issues, there is a material risk that SAL's assets (which shall include its interests in its subsidiaries, including but not limited to, SOVA Holdings, Inc., SOVA Management, LLC, and SOVA Merritt, LLC, collectively "**SAL's Assets**") could be subject to efforts by creditors or other parties-in-interest in the United States to control or possess SAL's Assets, or that contract counterparties could use the existence of the SAL Liquidation Proceeding as a basis to attempt to take detrimental business acts against SAL or the SAL Assets located in the United States.

8. Such acts could (a) interfere with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code; (b) interfere with and cause harm to SAL's efforts to administer its estate pursuant to the SAL Liquidation Proceeding; and (c) undermine efforts to achieve an equitable result for the benefit of all of SAL's creditors.  Accordingly, there is a material risk that SAL may suffer immediate and irreparable injury, and it is therefore necessary that the Court enter this Order.

9. The interest of the public will be served by this Court's entry of this Order.

10. The SAL Administrators and SAL are entitled to the protections and rights available pursuant to section 1519 of the Bankruptcy Code.

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion for Provisional Relief is granted to the extent provided herein.

2. Beginning on the date of this Order and continuing until the date of the entry of an order of this Court recognizing the SAL Liquidation Proceeding as a "foreign main

proceeding" as defined in section 1502(4) of the Bankruptcy Code and the SAL Administrators as "foreign representatives," as defined in section 101(24) of the Bankruptcy Code (unless otherwise extended pursuant to section 1519(b) of the Bankruptcy Code):

    a. the protections of sections 361 and 362 of the Bankruptcy Code apply to SAL and SAL's Assets in the United States;

    b. Adv. Gissin and Adv. Kogan are temporarily established as the representative of SAL with full authority to administer SAL's Assets and affairs in the United States, including, without limitation, making payments on account of SAL's prepetition and postpetition obligations, until further order of this Court;

    c. Adv. Gissin and Adv. Kogan are temporarily entrusted with the administration and realization of all or part of SAL's Assets in the United States, including, without limitation, SAL's Assets in the United States that may have been transferred to third parties in the United States, until further order of this Court;

    d. all persons and entities are enjoined from seizing, attaching, enforcing and/or executing security interests, liens or judgments against SAL's Assets in the United States or from transferring, encumbering or otherwise disposing of or interfering with SAL's Assets or agreements in the United States without the express consent of the SAL Administrators;

    e. all persons and entities are enjoined from commencing or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against SAL or SAL's Assets or proceeds thereof, or seeking to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, security interest, lien or arbitration award against SAL or SAL's Assets or proceeds thereof; and

    f. the SAL Administrators have the right and power to issue subpoenas to examine witnesses and require the production of documents and information concerning SAL's assets, affairs, rights, obligations or liabilities.

3.     The SAL Administrators, in connection with their appointment as SAL's "Special Administrators" in the SAL Liquidation Proceeding or as "foreign representatives" in the chapter 15 case, and SAL, are hereby granted the full protections and rights available pursuant to section 1519 of the Bankruptcy Code.

2149197.3

4. Pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

5. This Order, the Verified Petition and the Motion for Provisional Relief shall be served by U.S. mail, first class postage prepaid, or by overnight courier, or by electronic transmission, or by facsimile transmission upon (a) the Office of the United States Trustee; (b) parties or counsel of record for all parties against whom the SAL Administrators seek preliminary relief pursuant to section 1519 of the Bankruptcy Code; (c) the debtor pursuant to Bankruptcy Rule 2002(q); and (d) all persons or bodies authorized to administer foreign proceedings of the debtor pursuant to Bankruptcy Rule 2002(q).

6. Any notice requirements specified in Section 1514 of the Bankruptcy Code regarding notice to creditors for the Debtor are waived due to the nature of the relief being sought and the expectation that no creditor will need to file any claim or appear in any matter before the Court.

7. Service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes. The SAL Administrators, SAL and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

8. The SAL Administrators are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon entry.

10. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through the chapter 15 Case, and any request by an entity for relief from the

5

2149197.3

provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: _____, 2014
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2149197.3