MCGRAIL & BENSINGER LLP
676A Ninth Avenue #211
New York, New York  10036
(718) 434-2676
(718) 228-7717 Facsimile
Menachem M. Bensinger (MB 3467)

*Counsel to Abraham Poznanski*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| SOVEREIGN ASSETS LTD., | Bankr. Case No.: 14-13009 (SCC) |
| Debtor in Foreign Proceeding | |

## **NOTICE OF APPEAL**

Abraham Poznanski  ("**Poznanski**"), by his undersigned counsel, hereby appeals

to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C.

§ 158(a) and Rules 8001(a) and 8002(a) of the Federal Rules of Bankruptcy Procedure, from the

*Order Granting (1) Recognition of Foreign Main Proceeding; (2) Recognition of Petitioners as*

*Authorized Foreign Representatives; and (3) a Preliminary Injunction*, dated December 17, 2014

(Docket No. 26) (the "**Order**"), a copy of which is annexed hereto as **Exhibit A**.

The Parties to the Order appealed from, and the names, addresses, and telephone

numbers of their respective attorneys, are as follows:

| Party | Attorney |
|---|---|
| **Appellant**: Abraham Poznanski | **MCGRAIL & BENSINGER LLP**<br>Menachem M. Bensinger<br><br>676A Ninth Avenue # 211<br>New York, New York 10036<br>Telephone: (718) 434-2676<br>Facsimile: (718) 228-7717 |
| **Appellee**: Advs. Guy Gissin and Rami Kogan, in their capacity as Special Administrators of Sovereign Assets Ltd. | **GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP**<br>Michael S. Devorkin<br>Marc D. Rosenberg<br><br>437 Madison Avenue, 35th Floor<br>New York, New York 10022<br>Telephone: (212) 907-7300<br>Facsimile: (212) 754-0777 |
| **Other Party**:[1]  MSCI 2007-HQ13 Merritt Crossing LLC | **PERKINS COIE LLP**<br>Gary F. Eisenberg<br><br>30 Rockefeller Plaza, 22nd Floor<br>New York, New York 10112<br>Telephone: (212) 262-6902<br>Facsimile: (212) 977-1632 |
| **Other Party**: Saul Tawil, David Tawil, Victor Tawil, Aneil LIPP, LLC, Jack Franco, Sonja Cabasso, Albert Maleh, Mark Manela, Ezra I. Shehebar, Gabriel Shehebar, Jackson Group LLC, Harold Jarnicki, Michael Gad and Bergman Family LP, individually and derivatively on behalf of Nashville Properties, LLC | **MARKEWICH AND ROSENSTOCK LLP**<br>Lawrence M. Rosenstock<br><br>18 East 48th Street<br>Tenth Floor<br>New York, New York 10017<br>Telephone: (212) 542-3158<br>Facsimile: (212) 308-7780 |

---

[1] Those parties designated "Other Party" on this notice of appeal are parties that signed the Order to indicate their "approval as to form," but are neither the appellant nor appellee in this appeal.

Dated: December 30, 2014
      New York, New York

                     MCGRAIL & BENSINGER LLP

                     */s/* Menachem M. Bensinger
                     Menachem M. Bensinger, Esq. (MB 3467)
                     676A Ninth Avenue # 211
                     New York, New York  10036
                     Telephone:  (718) 434-2676
                     Facsimile:  (718) 228-7717

                     *Counsel to Abraham Poznanski*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------    X
                                      :
In re:                                :
                                      :
                                      :    Chapter 15
SOVEREIGN ASSETS LTD.,                :    Case No. 14-13009
                                      :
        Debtor in Foreign Proceeding. :
                                      :
                                      :
----------------------------------    X

## ORDER GRANTING (1) RECOGNITION OF
## FOREIGN MAIN PROCEEDING; (2) RECOGNITION
## OF PETITIONERS AS AUTHORIZED FOREIGN
## REPRESENTATIVES; AND (3) A PRELIMINARY INJUNCTION

WHEREAS, this Court has considered the Verified Petition under Chapter 15 of title 11

of the United States Code (the "**Bankruptcy Code**"), for Recognition of Foreign Main Proceeding

(the "**Verified Petition**") and the Motion for a Preliminary Injunction, of Adv. Guy Gissin and

Adv. Rami Kogan, solely in their capacity as Special Administrators ("**Petitioners**" or the "**SAL**

**Administrators**") of Sovereign Assets Ltd. ("**SAL**" or the "**Debtor**"), which is the debtor in a

liquidation proceeding pending in District Court, Tel Aviv-Jaffa, Israel, Case No. 31623-03-14

(the "**SAL Liquidation Proceeding**"), and the papers in support and in opposition thereto; and

the Court held a hearing on the Verified Petition on December 3 and 4, 2014, at which arguments

were presented and the live testimony of Adv. Guy Gissin and various exhibits were admitted

into evidence; and upon the request contained in the Verified Petition to approve the notice and

manner of service of the Verified Petition and related documents, to recognize the SAL

Liquidation Proceeding as a foreign main proceeding, and to recognize the Petitioners as

authorized foreign representatives;

2183320_5

WHEREAS, on October 31, 2014, the Court issued a Temporary Restraining Order, which has been extended by consent to the date hereof, and which among other things, stayed the Tawil Action (defined below) and operated to toll the time of parties (i) to file a motion in the Tawil Action for reargument or reconsideration of the Decision and Order of the Supreme Court dated September 29, 2014, denying SOVA Management, LLC's cross-motion for summary judgment ("**Supreme Court Order**"); and (ii) to file a notice of appeal from the Supreme Court Order;

WHEREAS, (i) on October 20, 2014, a notice of entry of the Supreme Court Order was filed, which allowed 30 days to file a notice and to move for reargument or reconsideration; (ii) on October 31, 2014, plaintiffs in the Tawil Action filed a motion in the Tawil Action for reargument or reconsideration of the Supreme Court Order; and (ii) on November 17, 2014, plaintiffs in the Tawil Action filed a notice of appeal of the Supreme Court Order, which also had the effect of extending to November 27, 2014, the time of defendants in the Tawil Action to file a notice of appeal;

WHEREAS, at the conclusion of the hearing on December 4, 2014, the Court orally on the record made its findings of fact and conclusions of law, and "so-ordered" the record, thereby granting the relief sought in the Verified Petition and the Motion for a Preliminary Injunction, which has now been transcribed and an uncorrected transcript is annexed hereto as Exhibit 1;

WHEREAS, for the reasons set forth in Exhibit 1, the SAL Administrators are entitled to all relief provided pursuant to section 1520 of the Bankruptcy Code;

WHEREAS, for the reasons set forth in Exhibit 1, the SAL Administrators are entitled to additional relief pursuant to sections 1507 and 1521 of the Bankruptcy Code, including but not limited to (i) staying the continuation of an individual action or proceeding concerning the

2183320_5

debtor's assets to the extent they have not been stayed under section 1520(a) pursuant to 1521(a)(1); (ii) suspending the right to transfer, encumber or otherwise dispose of assets of the debtor to the extent this right has not been suspended under 1520(a) pursuant to 1521(a)(3); (iii) providing for the examination of witnesses and the taking of evidence or the delivery of information regarding assets of the debtor pursuant to 1521(a)(4); (iv) entrusting the administration or realization of all or part of the Debtor's assets within the territorial jurisdiction of the U.S. to the foreign representative pursuant to 1521(a)(5); and (v) extending relief granted under section 1519(a) pursuant to 1521(a)(6).

**BASED ON THE FOREGOING, IT IS HEREBY:**

**ORDERED,** that findings of fact and conclusions of law set forth in Exhibit 1 are so-ordered, and the SAL Liquidation Proceeding be and hereby is granted recognition pursuant to section 1517(a) of the Bankruptcy Code; and it is further

**ORDERED,** that the SAL Liquidation Proceeding be and hereby is granted recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code; and it is further

**ORDERED,** that the SAL Administrators are recognized as authorized foreign representatives of SAL; and it is further

**ORDERED,** that all relief afforded a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code be and hereby is granted to the SAL Administrators, including without limitation, the application of section 362 of the Bankruptcy Code; and it is further

**ORDERED,** that additional relief, pursuant to sections 1507 and 1521(a)(4), providing for the examination of witnesses and the taking of evidence or the delivery of information

2183320_5

regarding assets of the Debtor to the SAL Administrators, with all of the rights under Bankruptcy

Rule 2004 is is granted; and it is further

ORDERED, that, except as hereinafter provided in this Order with respect to the Tawil

Action (as defined below), additional relief, pursuant to sections 1507 and 1521(a)(1), staying

the continuation of individual actions or proceedings concerning the debtor's assets (which,

subject to other provisions of this Order indicating that the Court has not made any findings of fact

or reached any conclusions of law with respect to ownership of assets that SAL alleges it owns,

shall include its interests in its subsidiaries, including but not limited to, SOVA Holdings, Inc.,

SOVA Management, LLC, SOVA Merritt Holdings, LLC, and SOVA Merritt, LLC (collectively,

"SAL's Assets"), to the extent they have not been stayed under section 1520(a) is granted; and it

is further

ORDERED, that additional relief, pursuant to sections 1507 and 1521(a)(3), suspending

the right to transfer, encumber or otherwise dispose of assets of the Debtor to the extent this right

has not been suspended under 1520(a) is granted; and it is further

ORDERED, that additional relief, pursuant to sections 1507 and 1521(a)(5), entrusting

the administration or realization of all or part of the Debtor's assets within the territorial

jurisdiction of the U.S. to the foreign representative is granted; and it is further

ORDERED, that the provisional relief which the Court has previously granted the SAL

Administrators under section 1519 shall remain in full force and effect, except as otherwise

provided in this Order with respect to the Tawil Action (as defined below), as follows:

a.      the protections of sections 361 and 362 of the Bankruptcy Code apply to SAL and

         SAL's Assets;

2183320_5

b.    Adv. Gissin and Adv. Kogan are established as the exclusive representatives of SAL with full authority to administer SAL's Assets and affairs in the United States, including, without limitation, making payments on account of SAL's prepetition and postpetition obligations, until further order of this Court;

c.    Adv. Gissin and Adv. Kogan are entrusted with the administration and realization of all or part of SAL's Assets in the United States, including, without limitation, SAL's Assets in the United States that may have been transferred to third parties in the United States to the extent that SAL has an interest in such assets, until further order of this Court;

d.    all persons and entities are enjoined from seizing, exercising control over, attaching, enforcing and/or executing security interests, liens or judgments against SAL's Assets in the United States or from transferring, encumbering, or otherwise disposing of or interfering with SAL's Assets or agreements in the United States without the express consent of the SAL Administrators;

e.    all persons and entities are enjoined from commencing, or continuing, including the issuance or employment of process of, any judicial, administrative or any other action or proceeding involving or against SAL or SAL's Assets or proceeds thereof, or seeking to recover a claim or enforce any judicial, quasi-judicial, regulatory, administrative or other judgment, assessment, order, security interest, lien or arbitration award against SAL or SAL's Assets or proceeds thereof; the SAL Administrators have the exclusive right and power to defend any actions against any of the SAL or any of SAL's Assets; and

2183320_5

f.      the SAL Administrators have the right and power to issue subpoenas to examine

witnesses and require the production of documents and information concerning

SAL's assets, affairs, rights, obligations or liabilities; and it is further

ORDERED, that any and all restraints against the continuation and maintaining of an

action entitled, *Tawil, et al. v. Spitzer, Steinberg, E&S Development and Properties, LLC,*

*Nashville Properties LLC, Abraham Poznanski, SOVA Management, LLC, Armand Lasky, 401*

*Church Street, LLC, AEL Church Street and John Does A through C* (Supreme Court, New York

County, Civil Action No. 652720/2011 (the "**Tawil Action**"), and against all the defendants

named therein, shall cease and no longer be in effect as of March 3, 2015, without prejudice to

(1) Petitioners' right to apply by motion for a further extension of the stay of the Tawil Action

for cause shown; or (2) the right of any party to the Tawil Action seeking to amend this Order

including the right of the Plaintiffs in the Tawil Action to renew their motion for relief of the stay

prior to March 3, 2015, for cause shown; and it is further

ORDERED, that notwithstanding any rules or orders of any court to the contrary, in

view of the tolling effects of the TRO, on behalf of SOVA Management, LLC, Petitioners shall

be entitled to file (i) a motion in the Tawil Action for reargument or reconsideration of the

Supreme Court Order, provided that such motion is filed on or before March 23, 2015, and (ii) a

notice of appeal from the Supreme Court Order, provided that the Notice of Appeal is filed on or

before March 30, 2015; but nothing herein requires the Petitioners to take such action, and all

parties reserve their rights as to the forum to resolve any issues between the parties in the Tawil

Action; and it is further

ORDERED, that if Petitioner files a motion in the Tawil Action for reargument and

reconsideration, of the Supreme Court's Decision and Order dated September 29, 2014, prior to

2183320_5

the expiration of the stay and restraints applicable to the Tawil Action pursuant to this Order, the Plaintiffs in the Tawil Action may proceed at such time with their motion for reargument and reconsideration of such Decision and Order; and it further

ORDERED, that the Notice of Appeal and Pre-Argument Statement previously served and filed by Plaintiffs in the Tawil Action is hereby deemed to have been duly and properly served and filed; and it is further

ORDERED, that in the event that Petitioners serve a subpoena pursuant to Bankruptcy Rule 2004 that parties in the Tawil Action contend is not permissible because it seeks discovery that should be governed by State Court discovery rules applicable in the Tawil Action, the parties to the Tawil Action reserve their right to seek relief with respect to such subpoenas, and the Petitioners reserve all rights to oppose that relief and to defend the issuance of such subpoenas; and it is further

ORDERED, that notwithstanding any other provision hereof, unless there is a further order of this Court upon application by the SAL Administrators, this Order shall not apply to any action for foreclosure commenced by MSCI 2007 HQ 13 Merritt Crossing LLC ("**MSCI**") against SOVA Merritt, LLC, but the SAL Administrators shall retain the right to seek such relief and to defend against such an action; and it is further

ORDERED, that nothing in this Order shall prevent Abraham Poznanski from (1) defending (x) himself personally or (y) an entity of which he is an owner (but excluding for purposes of this paragraph, however, SAL and SAL Assets as defined above), in any legal action against him, which defense may include, without limitation, asserting affirmative defenses, cross-claims, or counterclaims, each as against any person or entity (but excluding for purposes of this paragraph, however, the SAL Administrators, SAL and SAL Assets as defined above), or

2183320_5

(2) participating in any arbitration commenced against (x) himself personally or (y) any entity of which he is an owner (but excluding for purposes of this paragraph, however, SAL and SAL Assets as defined above), which participation may include, without limitation, asserting affirmative defenses, cross-claims, or counterclaims, each as against any person or entity (but excluding for purposes of this paragraph, however, the SAL Administrators, SAL and SAL Assets as defined above); and it is further

**ORDERED,** that any notice requirements specified in section 1514 of the Bankruptcy Code regarding notice to creditors for the Debtor are waived due to the nature of the relief being sought and the expectation that no creditor will need to file any claim or appear in any matter before the Court; and it is further

**ORDERED,** that this Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order; and it is further

**ORDERED,** that entry of this Order, as opposed to the Court's having "So-Ordered" the record at the hearing on December 4, 2014, shall be deemed the Order of this Court for appellate purposes; and it is further

**ORDERED,** that, notwithstanding anything to the contrary in any of this Order, its Exhibit 1, or the Court's order dated October 31, 2014, including without limitation, any provision in any of same restricting any party from taking action with respect to SAL's Assets (as defined above) or granting the SAL Administrators the authority to manage SAL's Assets (as defined above), (i) the Court makes (and has made) no findings of facts and reaches (and has reached) no conclusions of law that determine what assets, including those compromising "SAL's Assets" (as defined above), are owned by SAL, and what management rights exist with respect to such assets but for entry of this Order, (ii) absent further Order of this Court, any

discovery taken or to be taken from Abraham Poznanski pursuant to any subpoena issued pursuant to this Order or the Court's October 31, 2014, Order shall be used solely by the SAL Administrators in the carrying out of their duties; and (iii) all parties reserve whatever rights they may have to seek a protective order with respect to any subpoena issued on behalf of the SAL Administrators; and it is further

ORDERED, that this Order shall be served by U.S. mail, first class postage prepaid, or by overnight courier, or by electronic transmission, or by facsimile transmission upon (a) the Office of the United States Trustee; (b) parties or counsel of record for all parties against whom the SAL Administrators seek relief pursuant to sections 1517, 1520, 1521 of the Bankruptcy Code; (c) the debtor pursuant to Bankruptcy Rule 2002(q); and (d) all persons or bodies authorized to administer foreign proceedings of the debtor pursuant to Bankruptcy Rule 2002(q), and it is further

ORDERED, that service in accordance with this Order shall constitute adequate and sufficient service and notice.

Dated:    New York, New York
          December 17, 2014

                                        /S/ Shelley C. Chapman
                                        HON. SHELLEY C. CHAPMAN
                                        UNITED STATES BANKRUPTCY JUDGE

2183320_5

*APPROVED AS TO FORM*

GOLENBOCK EISEMAN ASSOR BELL
& PESKOE LLP
437 Madison Avenue, 35th Floor
New York, New York 10022
(212) 907-7300 – office
(212) 754-0777 – facsimile
mdevorkin@golenbock.com
mrosenberg@golenbock.com

By:  _/s/ Michael S. Devorkin_
Michael S. Devorkin, Esq.
Marc D. Rosenberg, Esq.

*Counsel for Petitioners*

*APPROVED AS TO FORM*

MCGRAIL & BENSINGER LLP
676A Ninth Avenue #211
New York, NY 10036
Office: (718) 434-2676
Fax: (718) 228-7717
mbensinger@mcgrailbensinger.com

By:  _/s/ Menachem S. Bensinger_
Menachem M. Bensinger, Esq.

*Counsel for Abraham Poznanski*

*APPROVED AS TO FORM*

PERKINS COIE LLP
30 Rockefeller Plaza, 22nd Floor
New York, NY 10112-0015
D. +1.212.262.6902
F. +1.212.977.1632
GEisenberg@perkinscoie.com

By:  _/s/ Gary F. Eisenberg_
Gary F. Eisenberg, Esq.

*Counsel for MSCI*

*APPROVED AS TO FORM*

MARKEWICH and ROSENSTOCK LLP
18 East 48th Street
Tenth Floor
New York, New York 10017
212-542-3158
212-308-7780 (fax)
lrosenstock@mrlawllp.com

By:  _/s/ Lawrence M. Rosenstock_
Lawrence M. Rosenstock, Esq.

*Counsel for the Nashville Plaintiffs*

2183320_5

# Exhibit 1

```
 1                    UNITED STATES BANKRUPTCY COURT
                      SOUTHERN DISTRICT OF NEW YORK
 2       ----------------------------------    --------------------------
         In re:                                Case No. 14-13009 (scc)
 3                                             New York, New York
           SOVEREIGN ASSETS LTD. AND GUY GISSIN,   December 4, 2014
 4                   Debtor in Foreign Proceeding. 4:02 p.m. - 4:34 p.m.
         ----------------------------------    --------------------------
 5            TRANSCRIPT OF PART 2 OF HEARING ONLY

 6             - 14-13009-SCC SOVEREIGN ASSETS LTD.
                 AND GUY GISSIN, CHAPTER 15 -
 7
              HEARING OF PRELIMINARY INJUNCTION; AND
 8       DOC #1 CHAPTER 15 PETITION FOR RECOGNITION OF
                    FOREIGN MAIN PROCEEDING
 9         BEFORE THE HONORABLE SHELLEY C. CHAPMAN
               UNITED STATES BANKRUPTCY JUDGE
10
         A P P E A R A N C E S :
11
         For Abraham Poznanski:      MENACHEM M. BENSINGER, ESQ.
12                                   McGrail & Bensinger LLP
                                     676A Ninth Avenue, #211
13                                   New York, New York 10036
                                     (718) 434-2676; (718) 228-7717 fax
14
         For Petitioners ADV Guy     MICHAEL S. DEVORKIN, ESQ.
15       Gissin and ADV Rami         MARC D. ROSENBERG ESQ.
         Kogon, Special              ELIZABETH CONWAY, ESQ.
16       Administrators:             Golenbock Eiseman Assor Bell
                                        & Peskoe LLP
17                                   437 Madison Avenue
                                     New York, New York 10022
18                                   (212) 907-7348; (212) 754-0777 fax

19       For Nashville Plaintiffs:   LAWRENCE M. ROSENSTOCK, ESQ.
                                     Markewich and Rosenstock LLP
20                                   18 East 48th Street, 10th Floor
                                     New York, New York 10017
21                                   (212) 542-3156

22       Of Counsel to Markewich    ROCCO CAVALIERE, ESQ.
         and Rosenstock LLP for     Tarter Krinsky & Drogin, LLP
23       the Nashville Plaintiffs:  1350 Broadway
                                     New York, New York 10018
24                                   (212) 216-8000; (212) 216-8001 fax

25
```

```
 1   A P P E A R A N C E S :

 2   For MSCI 2007-HQ13         JEFFREY D. VANACORE, ESQ.
     Merritt Crossing LLC:      GARY F. EISENBERG, ESQ.
 3                              Perkinscoie
                                30 Rockefeller Plaza, 22nd Floor
 4                              New York, New York 10112-0085
                                (212) 262-6912; (212) 977-1642 fax
 5

 6   Transcriber:               AAA Electronic Sound Reporters
                                1133 Broadway, Suite 706
 7                              New York, New York 10010
                                (888) 866-5135; (888) 677-6131 fax
 8                              electronicsound@court-transcripts.net

 9

10        (Proceedings recorded by electronic sound recording)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14          3

1       THE COURT:  All right, let me give you a bench

2    decision.  Before the Court is the verified petition filed by

3    Petitioners ADV Guy Gissin and ADV Rami Kogon, in their capacity

4    as Special Administrators of Sovereign Assets Ltd. or SAL,

5    seeking recognition of the Israeli liquidation proceeding of SAL

6    as a foreign main proceeding under Chapter 15 of the Bankruptcy

7    Code and granting such further relief as may be appropriate.  In

8    support of their verified petition, Petitioners submitted the

9    declaration of Mr. Gissin and the declaration of Mr. Kogon.

10       The second matter before the Court is the motion of

11   Messrs. Gissin and Kogon seeking a preliminary injunction, which

12   motion was filed on October 31, 2014 in the form of an

13   application for ex parte relief.

14       After a hearing on October 31, 2014, the Court entered

15   an order to show cause with a temporary restraining order, and

16   scheduled the hearing on the motion for a preliminary injunction

17   for November 20, 2014.  By order dated November 17, 2014, the

18   Court continued by consent it's temporary restraining order to

19   and including December 3, 2014, which on November 17, the order

20   set as the date for both the recognition hearing and the

21   rescheduled preliminary injunction hearing in this case.

22       The temporary restraining order which has been

23   extended on consent until December 4, 2014 prevents parties

24   from, among other things, taking actions or continuing

25   litigation with respect to the U.S. subsidiaries of SAL that may

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14          4

1   interfere with the administration of the SAL liquidation

2   proceeding in Israel.

3          As stated in the verified petition, in connection with

4   marshalling SAL's assets and administering the SAL liquidation

5   proceeding, the Petitioners seek recognition of the SAL

6   liquidation proceeding in order to investigate the status and

7   disposition of SAL's assets in the United States and pursue

8   recovery thereof.  Petitioners request that the Court one,

9   recognize the SAL liquidation proceeding as a foreign main

10  proceeding, Or, in the alternative, as a foreign non-main

11  proceeding.

12         Two, recognize the Petitioners as the foreign

13  representatives of SAL within the meaning of Section 101(24) of

14  the Bankruptcy Code.  Three, grant discovery relief to assist

15  the SAL liquidators in connection with administration of the SAL

16  liquidation proceeding.  And four, by the motion seeking

17  provisional relief for a preliminary injunction, grant

18  preliminary and permanent injunctive relief to protect SAL's

19  assets in the United States.

20         On November 20, 2014, objections to recognition and to

21  entry of a preliminary injunction were filed by one, Abraham

22  Poznanski, together with the affidavit of Mr. Poznanski in

23  support of his objection, and two, a group of state court

24  plaintiffs self described as the Nashville Plaintiffs, together

25  with the declaration of Mr. Lawrence Rosenstock, in support of

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14          5

1  their objection.  A limited objection and reservation of rights

2  with respect to the temporary restraining order was also filed

3  by MSCI 2007-HQ13 Merritt Crossing LLC, the holder of certain

4  loan documents executed and delivered by Sova Merritt LLC.

5          On December 1, 2014, the Petitioners filed their reply

6  memorandum of law, (A) in support of the verified petition under

7  Chapter 15 and the motion seeking provisional relief for a

8  preliminary injunction, and (B) in reply to all objections

9  filed, together with the reply declaration of Mr. Gissin.

10          On December 3, 2014, the Court held a status

11  conference and the parties commenced a limited portion of the

12  recognition hearing with the live testimony of Mr. Gissin, who

13  was cross examined by counsel to Mr. Poznanski, and also

14  examined on redirect by counsel to the special administrators.

15  Mr. Gissin was an articulate credible witness, who displayed a

16  thorough familiarity with the facts and circumstances of SAL, of

17  these proceedings, and of Israeli law having served as a

18  liquidator on many previous occasions.  Each of the filed

19  declarations was admitted into evidence, along with certain

20  additional trial exhibits numbered 6 through 22.  No party

21  elected to call any additional live witnesses.  On December 4,

22  2014, the Court heard extensive oral argument.

23          Background.  The Court assumes familiarity with the

24  background of this proceeding, but will provide certain key

25  facts for the purposes of this bench decision.  SAL, an Israeli

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14          6

1  based real estate firm, is a public company operating under the

2  laws of Israel, and registered with the Tel Aviv Stock Exchange.

3  SAL's primary business has been to invest in real estate in the

4  United States through other entities in the United States that

5  it owns in whole or in part.

6          On May 21, 2007, SAL raised 50 million Israeli shekels

7  by selling bonds exclusively in Israel in order to buy real

8  estate in the United States.  Aurora Fidelity Trust Company was

9  appointed Indenture Trustee for the bondholders.  The funds were

10  used to acquire through one or more U.S. entities real property

11  located in Milford, Connecticut and Nashville, Tennessee.

12          Beginning in 2007, Mr. Poznanski gained control of a

13  majority of SAL's shares and became its largest shareholder and

14  chief executive officer.  Among the many accusations,

15  allegations and law suits related to or involving Mr.

16  Poznanski's ownership, control and operation of SAL and its

17  affiliates, as to which the Court makes no findings in this

18  decision, Mr. Poznanski has been accused of improperly (1)

19  restructuring the interest of Sova Management LLC, an indirect

20  subsidiary of SAL, and 401 Church Street, LLC, the entity that

21  owns the Nashville property; and (2) transferring ownership of

22  Sova Merritt LLC and Sova Management LLC, both indirect

23  subsidiaries of SAL from Sova Holdings, Inc., a wholly owned

24  subsidiary of SAL, to an entity under his control, all in

25  violation of his fiduciary duties.

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14          7

1        The Court will not describe in detail the actions

2   pending in both the New York Supreme Court and the Israeli

3   District Court with respect to these and other related

4   allegations, but notes that there are several actions currently

5   pending.

6        Discussion.   (1) Recognition.   Section 1517.   Both Mr.

7   Poznanski and the Nashville Plaintiffs object to recognition on

8   the basis that the requirements of Section 1517 of the

9   Bankruptcy Code have not been met.   Section 1517 of the

10  Bankruptcy Code provides that the Court shall enter an order

11  granting recognition if the foreign proceeding for which

12  recognition is sought, (1) is a foreign main proceeding or

13  foreign non-main proceeding as defined in Section 1502 of the

14  Bankruptcy Code; (2) the foreign representative is a person or

15  body; (3) the petition meets the requirements of Section 1515 of

16  the Bankruptcy Code.   Sections 2 and 3 are not in dispute here.

17       Section 1502(4) defines a "foreign main proceeding" as

18  a foreign proceeding pending in the country where the debtor has

19  the center of its main interests, which is often referred to as

20  the Debtor's COMI.   Mr. Poznanski argues that SAL is a shell

21  company, which other than being formed in Israel and raising

22  money there through a single bond issuance has no other ongoing

23  business in that country.

24       At the time of the commencement of the Israeli

25  liquidation proceeding, SAL had no employees in Israel, and had

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14          8

1   an office in Israel that was subsequently transferred to the

2   Offices of Mr. Gissin.  Mr. Poznanski asserts that all of SAL's

3   assets are located in the United States, including its offices,

4   subsidiaries, real estate, and managers.  For these reasons, he

5   argues that Israel cannot be SAL COMI.

6           They Court finds that the Israeli liquidation

7   proceeding of SAL is a foreign main proceeding within the

8   meaning of Section 1502(4) because SAL's COMI has at all

9   relevant times been located in Israel.  SAL was organized under

10  the laws of Israel.  It is a public company listed with the Tel

11  Aviv Stock Exchange, and subject to its rules.  Its office and

12  exclusive place of raising funds were located in Israel.  Many

13  of its known creditors are in Israel.  And it was managed and

14  operated in Israel prior to its liquidation.  And is currently

15  operated under its liquidation proceedings in Israel.

16          Even if SAL had no functioning office in Israel as of

17  the commencement of its liquidation proceeding, courts have held

18  that the sites of the debtor's liquidation activities can alone

19  be considered as part of the COMI analysis.  *See In re Suntech*

20  *Power Holdings Company Ltd.*, 2014 Westlaw 6152761 *24 (Bankr.

21  S.D.N.Y. 11/17/14.)

22          No party disputes that the Petitioners have been

23  operating SAL's liquidation activities in Israel, including

24  conducting interviews of SAL's former employees and board

25  members searching for assets and opening a bank account.  Both

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14          9

1   Mr. Poznanski and the Nashville Plaintiffs attempt to rely on

2   Judge Trust's decision in *In Re Gold & Honey, Ltd.*, 410 B.R. 357

3   (Bankr. E.D.N.Y. 2009) to argue that Petitioners have not

4   demonstrated that SAL's Israel proceeding is collective in

5   nature, and thus, it does not qualify as a foreign proceeding.

6   The facts in that case are in apposite.

7          *Gold & Honey* involved a receivership proceeding

8   commenced by a single secured creditor that did not require the

9   receiver to consider the rights and obligations of all creditors

10  and was not, the court determined, collective in nature.   The

11  SAL proceeding, in contrast, is a liquidation proceeding that is

12  a collective proceeding, not a receivership that was commenced

13  by an indenture trustee on behalf of all bondholders and other

14  creditors, and is as described in the verified petition for

15  "collecting and liquidating of SAL's assets and to pay claims of

16  creditors pursuant to the rules of Israeli law."   Verified

17  Petition at Paragraph 86.   Accordingly, these arguments have no

18  merit.

19          B.   Section 109(a).   The Nashville Plaintiffs next

20  argue that SAL cannot satisfy the requirements of Section 109(a)

21  of the Bankruptcy Code.   They argue that shares in SAL's

22  American subsidiaries, without more, are insufficient as a

23  matter of law to confer jurisdiction on this Court.

24  Particularly because the Nashville Plaintiffs allege SAL's

25  ownership interest in the subsidiaries may be located in Israel,

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14          10

1   rather than in the United States.

2           Section 109(a) of the Bankruptcy Code provides that

3   notwithstanding any other provision of this Section, only a

4   person that resides or has a domicile, a place of business, or

5   property in the United States, or municipality may be a debtor

6   under this title.  As Petitioners point out, there is no

7   sufficiency requirement under Section 109.  SAL has demonstrated

8   that it has property in the United States at least in the form

9   of shares in its American subsidiaries, at least one of which is

10  a Delaware corporation.

11          Under Delaware law regardless of where the

12  certificates or the owner are located, the sites of ownership of

13  the capital stock of Delaware corporations is regarded as being

14  in Delaware.  Accordingly, the equity in SAL's American

15  subsidiaries can be considered property of SAL in the United

16  States.

17          Petitioners also correctly point to potential causes

18  of action against Mr. Poznanski and others which may be asserted

19  in the United States in the future.  And this Court has held

20  that claims and causes of action can constitute property for

21  purposes of Section 109.  See *In re Octaviar Admin. Pty Ltd.*,

22  511 B.R. 361, 369-70 (Bankr. S.D.N.Y. 2014).  The requirements

23  of Section 109(a) have accordingly been satisfied.

24          C.   Section 1506.  Mr. Poznanski asserts that

25  recognition of the Israeli liquidation proceeding of SAL as a

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14         11

1   foreign proceeding should not be permitted pursuant to Section

2   1506 of the Bankruptcy Code.  In support of this argument, Mr.

3   Poznanski argues that the claims against him have already been

4   litigated or are currently being litigated in other courts, and

5   recognition of the SAL liquidation proceeding would not only

6   duplicate such suits, but involve end-run around the previous

7   orders issued in the action pending in the New York Supreme

8   Court.  And would thus be manifestly inconsistent with U.S.

9   public policy.

10        Mr. Poznanski also alleges a conflict of interest on

11   the part of the Petitioners in serving as the administrators of

12   SAL's liquidation proceeding in Israel alleging that Mr. Kogon

13   is a former counsel to Mr. Edward Cohen, one of the bondholders

14   who commenced the SAL's liquidation proceeding, together with

15   the indenture trustee, and that Mr. Gissin is former counsel to

16   the bondholders themselves.  It is not at all clear that these

17   allegations are accurate.  Moreover, as already indicated, no

18   such objection was lodged with the Israel court at the time of

19   Petitioners appointment.

20        All relief under Chapter 15 is subject to the limits

21   in Section 1506 of the Bankruptcy Code, which permits a court to

22   decline to take any action, including granting additional relief

23   pursuant Section 1521, or providing additional assistant

24   pursuant to Section 1507 of the Bankruptcy Code if such action

25   would be "manifestly contrary" to the public policy of this

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14        12

1   country.  *See In re Toft*, 453 B.R. 193, citing 11 U.S.C. Section

2   1506; *In re Rede Energia*, 515 B.R. 69, 91-92 (Bankr. S.D.N.Y.

3   2014).

4        Specifically, Section 1506 of the Bankruptcy Code

5   provides "that nothing in this Chapter prevents the court from

6   refusing to take an action governed by this Chapter if the

7   action would be manifestly contrary to the public policy of the

8   United States.  However, the public policy exception is drafted

9   in narrow terms and the few reported cases that have analyzed

10  Section 1506 at length recognized that it is to be applied

11  sparingly.  In re *In re Toft*, 453 B.R. 193.  *See also In re*

12  *Metcalfe*, 421 B.R. 697.  The key determination required under

13  Section 1506 is whether the procedures used in the foreign

14  jurisdiction meet our fundamental standards of fairness.

15       Mr. Poznanski has presented no facts that demonstrate

16  that the Israel SAL liquidation proceeding is manifestly

17  contrary to U.S. public policy, or that the Israeli Companies

18  Law or other Israeli laws are manifestly contrary to U.S.

19  Bankruptcy Law.  Israeli Bankruptcy Law meets our fundamental

20  standards of fairness.  And to use Judge Gropper's formulation,

21  accords with the course of civilized jurisprudence.

22       With respect to certain events that occurred in the

23  pending New York Supreme Court or Israeli District Court

24  actions, the Court finds that even if the Court were to agree

25  entirely with Mr. Poznanski's narrative with respect to these

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14          13

1   actions, and it does not, these other pending proceedings are

2   irrelevant as to whether or not the SAL liquidation proceeding

3   should be granted recognition under Chapter 15.  As Petitioners

4   state in their reply "the liquidation proceeding merely seeks

5   the liquidation of SAL for the benefit of all creditors no

6   matter what the prior history of disputes between shareholders

7   and no matter what the reason liquidation is necessary.  *Reply*

8   *at 20-21.*

9        With respect to the alleged conflict of interest of

10  the Petitioners in serving as administrators of the Israel

11  liquidation proceeding, and as foreign representatives in this

12  Court, Mr. Poznanski had a full and fair opportunity to raise

13  this issue before the Israeli District Court and declined to do

14  so.

15       After their appointment as provisional liquidators on

16  March 24, 2014, Petitioners provided public notice of the

17  commencement of the SAL liquidation proceeding and the

18  opportunity to object before the hearing date of July 7, 2014.

19  In addition to providing notice by publication, Petitioners also

20  sent Mr. Poznanski and his counsel direct notice of the

21  proceedings.  Mr. Poznanski filed no objection to the Israeli

22  liquidation proceeding or to the appointment of the Petitioners

23  as administrators.  As he did not raise any issue in the proper

24  forum to do so, Israel, the Court will not permit Mr. Poznanski

25  to attempt to collaterally attack the Israeli District Court

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14          14

1   orders here.

2          On this point, the Court also observes that it common

3   in U.S. courts for an estate fiduciary to assume the role of the

4   trustee of an estate with which he or she is already familiar in

5   order to take advantage of such parties' institutional knowledge

6   of the facts the case which may have been the case here.

7   Moreover, Mr. Poznanski and all parties in interest in this

8   Chapter 15 case and in the Israeli liquidation proceeding enjoy

9   full due process rights to complain about the ongoing conduct of

10  these proceedings if they so desire.  For all of these reasons,

11  the public policy exception reflected in Section 1506 does not

12  provide a basis for denial of recognition of the SAL liquidation

13  proceeding, the motion for preliminary injunction.

14         Petitioners argue that compelling cause exists to

15  grant their motion to continue the provisional relief granted to

16  Petitioners by the October 31, 2014 temporary restraining order.

17  Mr. Poznanski and others, it is alleged, are taking unauthorized

18  clandestine actions that may diminish or may have already

19  diminished the assets of SAL and their value, including entering

20  into transactions to change the ownership of SAL subsidiaries

21  and move valuable assets out of the SAL chain of family of

22  entities.  Such transfers of ownership interest may be difficult

23  or impossible to reverse.

24         Petitioners also state that Mr. Poznanski has

25  heretofore refused all requests prior to and during the SAL

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14          15

1  liquidation proceeding to turn over all information and

2  documents in his possession concerning SAL and SAL's assets.

3  And has heretofore refused all demands to cease and desist

4  acting without the authority of SAL's board.  Petitioners argue

5  convincingly that a preliminary injunction is necessary to halt

6  all such actions and will permit Petitioners to conduct an

7  investigation of these alleged events and of the state of

8  ownership of SAL's assets in order to determine what, if any,

9  illegal action to pursue and how to defend against any pending

10 litigation.

11         Pursuant to Section 1519(a) of the Bankruptcy Code

12 from the time of filing of a petition for recognition until the

13 court rules on the petition, the Court may at the request of the

14 foreign representative, where relief is urgently needed to

15 protect the assets of the debtor or the interest of the

16 creditors, grant relief of a provisional nature, including, one,

17 staying execution against the debtor's assets.

18         Upon recognition, such relief may be extended pursuant

19 to Section 1521(a)(6).  For the Court to grant injunctive relief

20 Petitioners are required to show (A) they will suffer

21 irreparable harm in the absence of the injunction, and (B)

22 either one, likelihood on the success of the merits, or two,

23 sufficiently serious questions going to the merits to make them

24 a fair ground for litigation and a balance of hardship tipping

25 decidedly in their favor.  *See e.g. Zervos v. Verizon New York,*

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14          16

1  *Inc.*, 252 F.3d 163, 172 (2d Cir. 2001).

2          The Court finds that Petitioners have demonstrated

3  that injunctive relief is warranted here and will grant their

4  request for preliminary injunction.  While Mr. Poznanski argues

5  that Petitioners have failed to meet their burden to demonstrate

6  the need for injunctive relief, the Court has been presented

7  with no evidence to controvert the allegations of Petitioners

8  regarding Mr. Poznanski's alleged actions with respect to SAL's

9  assets in 2014.  Nor has Mr. Poznanski, who did not appear for

10 either day of the hearing, agree to cease taking such actions.

11         Taken at face value, Petitioners' largely

12 uncontroverted allegations regarding the transfer of ownership

13 of the subsidiaries of SAL, which may divest or may have

14 divested SAL of valuable assets, together with the prospect that

15 continuance and conclusion of the Nashville litigation may

16 significantly negatively impact the value of SAL's remaining

17 assets are sufficient to demonstrate that SAL's assets may be

18 irreparably harmed if the Nashville litigation is not stayed or

19 other actions against SAL's assets are not enjoined.

20         With respect to the Nashville litigation, the Court

21 will extend the stay of that litigation only through and

22 including March 2, 2015 without prejudice (A) to the rights of

23 the Nashville Plaintiff's to renew their motion for relief from

24 the stay prior to such time or cause.  Or (B) the right of the

25 Petitioners to seek a further extension of the stay.

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14          17

1   While the objectors have also contended that the

2   requested injunctive relief cannot extend to the non-debtor

3   subsidiaries of SAL, the Court overrules this objection.  This

4   Court has held on numerous occasions that the protections of the

5   automatic stay under Section 362(a) of the Bankruptcy Code, can

6   indeed be extended to stay actions against non-debtor

7   subsidiaries in certain circumstances.  *See e.g. In re Raz Ofer*,

8   Adversary Proceeding 13-1306, granting Chapter 7 Trustee's

9   motion for TRO, extending to affiliates of the Debtor and

10  stating that "the Trustee has shown at least serious issues

11  going to his contention that the Debtor is milking assets out of

12  the companies in which he has stock that affect the value of

13  those companies and hence are interference with the assets of

14  the Estate in violation of Section 362(a)(3)."

15  Based on the Court's holding in *Raz Ofer* and the

16  principals and authorities cited by the Petitioners their reply

17  papers, the Court finds that the specter of interference with

18  assets of SAL through actions taken against its subsidiaries

19  weighs in favor of extending the injunction to such entities.

20  For all of the foregoing reasons, the petition for recognition

21  is granted.  The motion for injunctive relief is granted.

22  This record is so-ordered and the parties are directed

23  to submit an order consistent with this bench decision.

24  MR. EISENBERG:  Your Honor, I have a housekeeping

25  matter I'd like to ask the Court about.

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14        18

1        THE COURT:  Sure.  The Connecticut action was

2   specifically not mentioned because, as we had discussed

3   previously on the record, the injunctive relief is not going to

4   extend for the Connecticut issue.

5        MR. EISENBERG:  That's what I wanted to clarify, Your

6   Honor.  Thank you very much.

7        MR. DEVORKIN:  The Petitioners will want to order a

8   copy, have a transcript --

9        THE COURT:  Yes.

10       MR. EISENBERG:  -- of the Court's decision.

11       THE COURT:  What you can do is -- I've done -- let me

12   explain a bit this procedure.  For the sake of moving things

13   forward, I not infrequently deliver a bench decision.  I have

14   text.  It's not pretty.  What I'd like is that the transcript,

15   if you so desire, can be attached as Exhibit A to your order.

16   And if you want to get the order on file, you can get the order

17   on file and we can later add the transcript as an exhibit to

18   your order.  That's probably the easiest way to do it.

19       MR. DEVORKIN:  That's fine, but --

20       THE COURT:  Mr. Bensinger, does that -- you have a

21   little bit of a quizzical look on your face.

22       MR. BENSINGER:  No, no.  That's fine, Your Honor.  I

23   was just thinking about the other comment that I wanted to

24   address, which is the Court didn't put into the decision that

25   was just read the scope of the injunction that we had discussed

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14          19

1   on the record.

2              THE COURT:  Well, the --

3              MR. BENSINGER:  That will be in the order then?

4              THE COURT:  Yes.

5              MR. BENSINGER:  Okay.

6              THE COURT:  Yeah.  I'm going to leave it to the two of

7   you --

8              MR. BENSINGER:  To work it out, or try to work it out.

9              THE COURT:  Yes.

10             MR. BENSINGER:  Okay.

11             THE COURT:  To work out language that's sufficiently

12  surgical --

13             MR. BENSINGER:  Okay.

14             THE COURT:  -- to address the concerns that you had

15  indicated.

16             MR. BENSINGER:  Okay.  Thank you.

17             MR. ROSENSTOCK:  Your Honor, just one point of

18  clarification.

19             THE COURT:  Yeah?

20             MR. ROSENSTOCK:  Would that mean that the liquidator

21  would be able, in the meantime if they decide to take steps to

22  appear in the state court action, that they could do that

23  between now and March?

24             THE COURT:  Well, you're not stayed, and he's not.  So

25  if they decide they're going to proceed, you're entitled to

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14      20

1   respond.

2        MR. ROSENSTOCK:  Right.

3        THE COURT:  So, I assume that something -- that you

4   will do something to officially end the stay if you decide to

5   take action.  You can't act can't and he's stayed.

6        MR. DEVORKIN:  No, I understand that.  And there's

7   certain things that I want to talk to Mr. Rosenstock about in

8   terms of making sure that the state court -- that our time to do

9   certain things is running --

10       THE COURT:  Right.

11       MR. DEVORKIN:  -- and I want to make sure that's

12  preserved.  I may add some language to the order when I submit

13  it --

14       THE COURT:  Right.

15       MR. DEVORKIN:  -- about that.

16       THE COURT:  Right.  But the point is basically, it's

17  not --

18       MR. DEVORKIN:  I understand.

19       THE COURT:  Yeah.  I don't think we're -- it's not a

20  game of gotcha.

21       MR. DEVORKIN:  No.

22       MR. ROSENSTOCK:  Right.  No, no.

23       THE COURT:  You're not --

24       MR. ROSENSTOCK:  No, no, I'm not looking for that.

25       THE COURT:  Right.

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14       21

1        MR. ROSENSTOCK:  I'm just want to get it teed up.

2        THE COURT:  Sure.

3        MR. ROSENSTOCK:  So when --

4        THE COURT:  If the liquidators decide they're ready to

5    roll and they start taking action, you're going to be able to

6    respond.  So something -- you'd have to formally lift the stay;

7    file a piece a paper.

8        MR. DEVORKIN:  Of course.

9        THE COURT:  Something that --

10        MR. DEVORKIN:  Of course.

11        MR. ROSENSTOCK:  Right.  Right.  Okay.

12        THE COURT:  -- takes the handcuffs off of you.

13        MR. ROSENSTOCK:  Okay.  Very good.  Thank you.

14        THE COURT:  Okay.

15        MR. DEVORKIN:  I would think at that point we'd have

16    some document we mutually agree to.

17        MR. ROSENSTOCK:  Yeah.

18        THE COURT:  Right.  Right.

19        MR. ROSENSTOCK:  Right.  Okay.

20        MR. DEVORKIN:  My questions were slightly different

21    though.  One, would it be possible to get a one-page order from

22    Your Honor that says for reasons stated on the record and to be

23    memorialized in a further order that the injunction is granted

24    or the TRO is extended so that --

25        THE COURT:  I'm going to so-order the record right

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14        22

1   now, this moment.

2          MR. DEVORKIN:  All right.

3          THE COURT:  So, that it is.

4          MR. DEVORKIN:  All right.

5          THE COURT:  And then you're going to -- I don't want

6   to have an order and then another order.

7          MR. DEVORKIN:  Okay.

8          THE COURT:  So, I'm so-ordering the record, and then

9   you'll work out an order because I want you to take your time to

10  make sure you get it right.  And then that will be the order for

11  appellate purposes.

12         MR. DEVORKIN:  Fine.

13         THE COURT:  Or whatever other purposes.

14         MR. DEVORKIN:  The other question I was going to ask

15  first is that what's interesting is the argument was I don't

16  want a transcript of that, I want a transcript of the Court's

17  decision.  And my experience with the reporting service

18  sometimes is they insist

19         THE COURT:  We have a --

20         MR. DEVORKIN:  -- that I have to get everything for

21  the whole day.  It gets to be very expensive.

22         THE COURT:  I've had two separate sessions.  You can

23  just get the last half hour.

24         MR. DEVORKIN:  All right.  We'll do that.

25         THE COURT:  I don't know administratively what it

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14          23

1    takes to do that.  It's either above or below my pay grade.

2            MR. DEVORKIN:  I'm just saying --

3            THE COURT:  But yes, I hear you.

4            MR. DEVORKIN:  More than once, I've heard all or

5    nothing.

6            (Cross-talk.)

7            THE COURT:  We'll call it Part 2.

8            MR. DEVORKIN:  Part 2.

9            THE COURT:  And you'll be able to get it as a separate

10   transcript.

11           MR. DEVORKIN:  All right.

12           THE COURT:  Other questions?

13           MR. CAVALIERE:  Yes, Your Honor.  Rocco Cavaliere with

14   Tarter Krinsky, co-counsel with Mr. Rosenstock.  We look forward

15   to working with Mr. Devorkin on a proposed order.  And we're

16   hoping that we'll resolve any issues.  But is there going to be

17   -- to the extent that we can't, should we send a letter to the

18   Court or have another subsequent hearing?

19           THE COURT:  Yeah.  I mean, I don't --

20           MR. CAVALIERE:  How do we deal with that?  You don't

21   like competing orders.

22           THE COURT:  I don't like competing orders.

23           MR. CAVALIERE:  Yeah.

24           THE COURT:  So, I would like you to exercise your best

25   efforts to come to language.  What you might do is that if for

In re Sovereign Assets Ltd. and Guy Gissin - 12/4/14        24

1    some reason you can't agree on some finite language, you can

2    each give me your competing versions and a brief recitation of

3    why you think your right.

4              MR. CAVALIERE:  Okay.

5              THE COURT:  I'm not going to have another hearing.

6              MR. CAVALIERE:  No.

7              THE COURT:  I'll just decide.

8              MR. DEVORKIN:  Okay.

9              MR. CAVALIERE:  Okay.  That's fine.  Thank you.

10             THE COURT:  Okay?  But I think we all understand the

11   concepts, and I'm pretty confident you're going to be able to

12   work it out.  All right?  Very well done.  Thank you.

13             MR. DEVORKIN:  Thank you, Your Honor.

14             MR. CAVALIERE:  Thank you, Your Honor.

15             MR. ROSENSTOCK:  Thank you, Your Honor.

16             THE COURT:  To be clear, I mean I think that that lays

17   it out well enough.  I reserve my rights to write a fuller more

18   detailed opinion if I decide under the facts and circumstances

19   it's warranted, but it's not my present intention.  All right?

20   Thank you very much.

21             ALL COUNSEL:  Thank you very much, Your Honor.

22             THE COURT:  Have a good evening.  Thank you.

23                         - o0o -

24

25

25

```
 1                        CERTIFICATION

 2

 3          I, Rochelle V. Grant, certify that the foregoing is a

 4   correct transcript from the official electronic sound recording

 5   of the proceedings in the above-entitled matter.

 6   Dated:   December 6, 2014

 7

 8                        _____

 9                        Signature of Approved Transcriber

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```