UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――― X
                                                   :

In re:                                        :

                                                  :   Chapter 15

SOVEREIGN ASSETS LTD.,              :   Case No. 14-13009

                                                  :

      Debtor in Foreign Proceeding.    :

                                                  :

―――――――――――――――――――――― X


**LIMITED STIPULATION AND ORDER FURTHER CONTINUING ORDER
GRANTING (1) RECOGNITION OF FOREIGN MAIN PROCEEDING;
(2) RECOGNITION OF PETITIONERS AS AUTHORIZED FOREIGN
REPRESENTATIVES; AND (3) A PRELIMINARY INJUNCTION**

WHEREAS, this Court considered the Verified Petition under Chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**"), for Recognition of Foreign Main Proceeding (the **"Verified Petition"**) and the Motion for a Preliminary Injunction, of Adv. Guy Gissin and Adv. Rami Kogan, solely in their capacity as Special Administrators ("**Petitioners**" or the "**SAL Administrators**") of Sovereign Assets Ltd. (**"SAL"** or the **"Debtor"**), which is the debtor in a liquidation proceeding pending in District Court, Tel Aviv-Jaffa, Israel, Case No. 31623-03-14 (the "**SAL Liquidation Proceeding**"), and the papers in support and in opposition thereto; and the Court held a hearing on the Verified Petition on December 3 and 4, 2014;

WHEREAS, on December 17, 2014, the Court issued an Order granting SAL (i) Recognition of a Foreign Main Proceeding; (ii) Recognition of Petitioners As Authorized Foreign Representatives; and also issued (iii) a Preliminary Injunction ("**Preliminary Injunction**"), which provided relief pursuant to Chapter 15 of the Bankruptcy Code, including but not limited to, staying the continuation of any individual action or proceeding concerning the SAL's assets pursuant to sections 105(a), 1507, 1519, 1520(a), 1521(a) of the Bankruptcy Code

1

and Bankruptcy Rule 7065, except as provided otherwise in the Preliminary Injunction concerning the action entitled, *Tawil, et al. v. Spitzer, Steinberg, E&S Development and Properties, LLC, Nashville Properties LLC, Abraham Poznanski, SOVA Management, LLC, Armand Lasky, 401 Church Street, LLC, AEL Church Street, Inc. and John Does A through C* (Supreme Court, New York County, Civil Action No. 652720/2011 (the "**Tawil Action**");

WHEREAS, the Preliminary Injunction Order stated the following with regard to the Tawil Action:

> **ORDERED**, that any and all restraints against the continuation and maintaining of [the Tawil Action] and against all the defendants named therein, shall cease and no longer be in effect as of March 3, 2015, without prejudice to (1) Petitioners' right to apply by motion for a further extension of the stay of the Tawil Action for cause shown; or (2) the right of any party to the Tawil Action seeking to amend this Order including the right of the Plaintiffs in the Tawil Action to renew their motion for relief of the stay prior to March 3, 2015, for cause shown;

> **ORDERED**, that notwithstanding any rules or orders of any court to the contrary, in viewing of the tolling effects of the TRO, on behalf of SOVA Management, LLC, Petitioners shall be entitled to file (i) a motion in the Tawil Action for reargument or reconsideration of the Supreme Court Order, provided that such motion is filed on or before March 23, 2015, and (ii) a notice of appeal from the Supreme Court Order, provided that the Notice of Appeal is filed on or before March 30, 2015; but nothing herein requires the Petitioners to take such action, and all parties reserve their rights as to the forum to resolve any issues between the parties in the Tawil Action;

WHEREAS, by Limited Stipulation and Order Continuing Order Granting (1) Recognition of Foreign Main Proceeding; (2) Recognition of Petitioners as Authorized Foreign Representatives; and (3) a Preliminary Injunction, dated February 11, 2015, this Court modified the Preliminary Injunction issued on December 17, 2014, to provide as follows:

> Any and all restraints against the continuation and maintaining of the Tawil Action, and against all the defendants named therein, shall cease and no longer be in effect as of March 24, 2015; without prejudice to (1) Petitioners' right to apply by motion for a further extension of the stay of the Tawil Action for cause shown; or (2) the right of any party to the Tawil Action seeking to amend the Preliminary Injunction including the right of the Nashville Plaintiffs to renew their motion for relief of the stay prior to March 24, 2015, for cause shown; and

2

2241874.1

      On behalf of SOVA Management, LLC, Petitioners' shall be entitled to file (i) a motion in the Tawil Action for reargument or reconsideration of the Supreme Court Order, provided that such motion is filed on or before April 13, 2015, and (ii) a notice of appeal from the Supreme Court Order, provided that the Notice of Appeal is filed on or before April 20, 2015, but nothing herein requires the Petitioners to take such action.

    WHEREAS, the undersigned parties have agreed to further modify the above-referenced paragraphs as set forth below.

**BASED ON THE FOREGOING, IT IS HEREBY:**

    **STIPULATED AND AGREED,** that this Court's Preliminary Injunction issued on December 17, 2014, and modified on February 11, 2015, by, and hereby is, modified so that it now provides as follows, and in all other respects remains the same:

    Any and all restraints against the continuation and maintaining of the Tawil Action, and against all the defendants named therein, shall cease and no longer be in effect as of April 10, 2015; without prejudice to (1) Petitioners' right to apply by motion for a further extension of the stay of the Tawil Action for cause shown; or (2) the right of any party to the Tawil Action seeking to amend the Preliminary Injunction including the right of the Nashville Plaintiffs to renew their motion for relief of the stay prior to April 10, 2015, for cause shown; and

    On behalf of SOVA Management, LLC, Petitioners' shall be entitled to file (i) a motion in the Tawil Action for reargument or reconsideration of the Supreme Court Order, provided that such motion is filed on or before April 30, 2015, and (ii) a notice of appeal from the Supreme Court Order, provided that the Notice of Appeal is filed on or before May 7, 2015, but nothing herein requires the Petitioners to take such action.

2241874.1

| | |
|---|---|
| GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP<br>437 Madison Avenue, 35th Floor<br>New York, New York 10022<br>(212) 907-7300 – office<br>(212) 754-0777 – facsimile<br>mdevorkin@golenbock.com<br>mrosenberg@golenbock.com<br><br>By:     /s/ Michael S. Devorkin<br>Michael S. Devorkin, Esq.<br>Marc D. Rosenberg, Esq.<br><br>*Counsel for Petitioners* | MCGRAIL & BENSINGER LLP<br>676A Ninth Avenue #211<br>New York, NY 10036<br>Office: (718) 434-2676<br>Fax: (718) 228-7717<br>mbensinger@mcgrailbensinger.com<br><br>By:   /s/ Menachem M. Bensinger<br>Menachem M. Bensinger, Esq.<br><br>*Counsel for Abraham Poznanski* |
| MARKEWICH and ROSENSTOCK LLP<br>18 East 48th Street<br>Tenth Floor<br>New York, New York 10017<br>212-542-3158<br>212-308-7780 (fax)<br>lrosenstock@mrlawllp.com<br><br>By:   /s/ Lawrence M. Rosenstock<br>Lawrence M. Rosenstock, Esq.<br><br>*Counsel for the Nashville Plaintiffs* | ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.<br>875 Third Avenue<br>New York, New York 10022<br>t: 212.603.6348<br>f: 1.212.956.2164<br>nmm@robinsonbrog.com<br><br>By: /s/ Nicholas M. Menasché<br>Nicholas M. Menasché, Esq.<br><br>*Counsel for Armand Lasky and 401 Church Street LLC* |
| THE LAW OFFICE OF JEREMY ROSENBERG<br>30 Broad Street, 27th Floor<br>New York, NY 10004<br>(212)422-3843<br><br>By:  /s/ Jeremy Rosenberg<br>Jeremy Rosenberg, Esq.<br><br>*Counsel for Elliot Spitzer, Michael Steinberg and E&S Development & Properties, LLC* | |

2241874.1

Dated: New York, New York
      March 19, 2015

                        **SO ORDERED:**

                        /S/ Shelley C. Chapman
                        HON. SHELLEY C. CHAPMAN
                        UNITED STATES BANKRUPTCY JUDGE