UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
— — — — — — — — — — — — — — — — — — — — — — — — X
:
In re: :
: Chapter 15
SOVEREIGN ASSETS LTD., : Case No. 14-13009
:
Debtor in Foreign Proceeding. :
:
:
— — — — — — — — — — — — — — — — — — — — — — — — X

**LIMITED STIPULATION AND ORDER FURTHER CONTINUING ORDER
GRANTING (1) RECOGNITION OF FOREIGN MAIN PROCEEDING;
(2) RECOGNITION OF PETITIONERS AS AUTHORIZED FOREIGN
REPRESENTATIVES; AND (3) A PRELIMINARY INJUNCTION**

WHEREAS, on December 17, 2014, the Court issued an Order granting Adv. Guy Gissin and Adv. Rami Kogan, solely in their capacity as Special Administrators ("**Petitioners**" or the "**SAL Administrators**") of Sovereign Assets Ltd. ("**SAL**" or the "**Debtor**") (i) Recognition of a Foreign Main Proceeding; (ii) Recognition of Petitioners As Authorized Foreign Representatives; and also issued (iii) a Preliminary Injunction ("**Preliminary Injunction**"), which provided relief pursuant to chapter 15 of the Bankruptcy Code, including but not limited to, staying the continuation of any individual action or proceeding concerning the SAL's assets, except as provided otherwise in the Preliminary Injunction concerning the action entitled, *Tawil, et al. v. Spitzer, Steinberg, E&S Development and Properties, LLC, Nashville Properties LLC, Abraham Poznanski, SOVA Management, LLC, Armand Lasky, 401 Church Street, LLC, AEL Church Street, Inc. and John Does A through C* (Supreme Court, New York County, Civil Action No. 652720/2011) (the "**Tawil Action**");

WHEREAS, by Limited Stipulation and Order Continuing Order Granting (1) Recognition of Foreign Main Proceeding; (2) Recognition of Petitioners as Authorized Foreign

Representatives; and (3) a Preliminary Injunction, dated February 11, 2015, this Court modified the Preliminary Injunction issued on December 17, 2014;

WHEREAS, by Limited Stipulation and Order Further Continuing Order Granting (1) Recognition of Foreign Main Proceeding; (2) Recognition of Petitioners as Authorized Foreign Representatives; and (3) a Preliminary Injunction, dated March 19, 2015, this Court further modified the Preliminary Injunction dated February 11, 2015, to provide as follows:

> Any and all restraints against the continuation and maintaining of the Tawil Action, and against all the defendants named therein, shall cease and no longer be in effect as of April 10, 2015; without prejudice to (1) Petitioners' right to apply by motion for a further extension of the stay of the Tawil Action for cause shown; or (2) the right of any party to the Tawil Action seeking to amend the Preliminary Injunction including the right of the Nashville Plaintiffs to renew their motion for relief of the stay prior to April 10, 2015, for cause shown; and

> On behalf of SOVA Management, LLC, Petitioners' shall be entitled to file (i) a motion in the Tawil Action for reargument or reconsideration of the Supreme Court Order, provided that such motion is filed on or before April 30, 2015, and (ii) a notice of appeal from the Supreme Court Order, provided that the Notice of Appeal is filed on or before May 7, 2015, but nothing herein requires the Petitioners to take such action.

WHEREAS, the undersigned parties have agreed to further modify the above-referenced paragraphs as set forth below.

**BASED ON THE FOREGOING, IT IS HEREBY:**

**STIPULATED AND AGREED,** that this Court's Preliminary Injunction issued on December 17, 2014, and modified on February 11, 2015, and March 19, 2015, by, and hereby is, modified so that it now provides as follows, and in all other respects remains the same:

Any and all restraints against the continuation and maintaining of the Tawil Action, and against all the defendants named therein, shall cease and no longer be in effect as of May 1, 2015; without prejudice to (1) Petitioners' right to apply by motion for a further extension of the stay of the Tawil Action for cause shown; or (2) the right of any party to the Tawil Action seeking to amend the Preliminary Injunction including the right of the Nashville Plaintiffs to renew their motion for relief of the stay prior to May 1, 2015, for cause shown; and

On behalf of SOVA Management, LLC, Petitioners' shall be entitled to file (i) a motion in the Tawil Action for reargument or reconsideration of the Supreme Court Order, provided that such motion is filed on or before May 29, 2015, and (ii) a notice of appeal from the Supreme Court Order, provided that the Notice of Appeal is filed on or before May 29, 2015, but nothing herein requires the Petitioners to take such action.

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
437 Madison Avenue, 35th Floor
New York, New York 10022
(212) 907-7300 – office
(212) 754-0777 – facsimile
mdevorkin@golenbock.com
mrosenberg@golenbock.com

By: /s/ Michael S. Devorkin
Michael S. Devorkin, Esq.
Marc D. Rosenberg, Esq.

*Counsel for Petitioners*

MCGRAIL & BENSINGER LLP
676A Ninth Avenue #211
New York, NY 10036
Office: (718) 434-2676
Fax: (718) 228-7717
mbensinger@mcgrailbensinger.com

By: /s/ Menachem M. Bensinger
Menachem M. Bensinger, Esq.

*Counsel for Abraham Poznanski*

MARKEWICH and ROSENSTOCK LLP
18 East 48th Street
Tenth Floor
New York, New York 10017
212-542-3158
212-308-7780 (fax)
lrosenstock@mrlawllp.com

By: /s/ Lawrence M. Rosenstock
Lawrence M. Rosenstock, Esq.

*Counsel for the Nashville Plaintiffs*

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.
875 Third Avenue
New York, New York 10022
t: 212.603.6348
f: 1.212.956.2164
nmm@robinsonbrog.com

By: /s/ Nicholas M. Menasché
Nicholas M. Menasché, Esq.

*Counsel for Armand Lasky and
401 Church Street LLC*

3

THE LAW OFFICE OF JEREMY ROSENBERG
30 Broad Street, 27th Floor
New York, NY 10004
(212)422-3843

By: /s/ Jeremy Rosenberg
Jeremy Rosenberg, Esq.

*Counsel for Elliot Spitzer, Michael Steinberg and E&S Development & Properties, LLC*

Dated: New York, New York
April 10, 2015

                                       **SO ORDERED:**

                                       /S/ Shelley C. Chapman
                                       HON. SHELLEY C. CHAPMAN
                                       UNITED STATES BANKRUPTCY JUDGE